## CHARLES H. LEVITT & CO. v. JACOB KRIGER.

Western Section. December 20, 1927.

No petition for Certiorari was filed.

1. **Continuance.** The matter of continuance lies largely in the discretion of the trial court.

The matter of continuance lies largely in the discretion of the trial court and the party must show a valid reason before he 'is entitled to a continuance.

2. **Continuance.** When party has had six months to prepare for trial, motion for continuance should be supported by affidavit.

If a party has had as much as six months in which to take his proof, no motion for continuance should be granted unless supported by affidavit showing that he has very strong evidence not yet taken and filed and a very strong excuse for not having taken and filed it in due season.

3. **Appeal and error.** Assignments of error must comply with the rules of the court.

The court of appeals will not consider assignments of error which do not comply with the rules of the court governing the assignments of error.

4. **Sales. Evidence. Evidence held to show buyer liable for value of goods.**
In an action to recover the value of certain goods sold where the evidence showed that the buyer had returned the goods to the drayman to be returned to the seller, but they had never reached the seller, held that the seller was liable for the sale price of the goods.

Appeal from Chancery Court, Shelby County; Hon. M. C. Ketchum, Chancellor.

Affirmed.

McDonald & McDonald, and George S. Knapp, of Memphis, for appellee.

Sam Taubenblatt, of Memphis, for appellant.

OWEN, J. The defendant has appealed from a judgment rendered against him on an account in the chancery court of Shelby county, Tennessee. The account came from the State of New York, was duly proven, and was denied under oath. It was for goods and merchandise shipped September 16, 1920. The defendant's defense was that he had returned this shipment of goods to complainant and complainant had accepted the return of the merchandise. The case was tried before a jury. Three issues were submitted under the direction of the court, and by consent of counsel, as follows: ''(1) Did the defendant, Jacob Kriger, return to complainant, the shipment of merchandise covered by the invoice of September 16, 1920, for $334? (2) Did the complainant accept the return of said merchandise and order the Lewis Transfer Company to hold same subject to its order? (3) Was the Lewis Transfer Company the agent of the complainant or of the defendant?''

The first and second issues were answered, ''no;'' the third issue was answered by the jury stating that the Lewis Transfer Company was the agent of the defendant.

After the verdict of the jury, the defendant seasonably filed a motion for new trial, which was overruled. He prayed and perfected an appeal to this court and has assigned nine errors. These errors will be presented in three separate groups.

By the third assignment it is insisted that the court should have granted the defendant a continuance and by the fourth assignment it is insisted that the court should have continued the case so that counsel for the defendant might have an opportunity to read over two depositions that had been taken in the City of New York, upon interrogatories, and filed in the case some four days prior to the date of trial. Counsel wanted to see whether or not he desired to except to any of the questions and answers or any part of said depositions. We are of opinion that the matter of continuance was largely in the discretion of the court, and, furthermore, the defendant failed to show any valid reason why this cause should have been continued.

It appears from the bill of exceptions that a jury had been summoned and the issues agreed on when counsel for the defendant moved the court to continue the cause. The court informed counsel that the jury panel was in court, and since a jury had been demanded ne would not continue the cause.

When a case on the docket is called for trial, if either party be not then ready for trial, he may apply to have the same continued. If he has had as much as six months in which to take his proof, no motion for a continuance should be granted, unless supported by affidavit showing that he has very strong evidence not yet taken and filed, and a very strong excuse for not having taken and filed it in due season. Gibson's Suits in Chancery, page 460.

It appears that the complainant had brought a witness from the City of New York to testify. We are of opinion that counsel did not show any merit in his motion for a continuance or a postponement or delay, or that he was prejudiced by proceeding with the trial. The third and fourth assignments are overruled.

By the fifth and sixth assignments of error it is insisted that the court erred in permitting the complainant to attach to his proof in this cause part of a record in another cause, and bodily torn from the record of another cause, due objection being made at the time to strike same from the record herein, and to require the complainant to replace same where they rightfully belonged.

The sixth assignment complains of the court charging the jury that the burden of proof was on the defendant to sustain all the issues by a preponderance of the evidence.

Neither one of these assignments comply with the rules of this court. We are cited to no page of the record in support of same. The burden of proof was really upon the defendant because he had an affirmative defense. He admitted that the goods had come to Memphis, but he claims that he had returned them and that complainant had accepted them. The rule of this court governing these two assignments is Rule 11 subsec. 3 as found in Vol. 1, of Tennessee Court of Appeals, and 151 Tenn., page 815. These two assignments of error are overruled.

The remaining five assignments insist that the court erred in entering a decree for the complainant in any sum; that the court should have granted the defendant's motion for a directed verdict made at the conclusion of the plaintiff's proof and renewed at the conclusion of all the proof, and that the court erred in submitting any of the issues to the jury for the reason that there was no disputed facts in the record upon which to base any of the issues submitted. We will dispose of these five remaining assignments together.

It appears that the defendant is a merchant of Memphis, Tennessee; that complainants are manufacturers and jobbers in the City of New

York. In February, 1920 the defendant placed with complainant an order for something over $700 worth of goods, consisting chiefly of boys' and girls' sweaters. It appears that the goods were to be shipped about August 1, 1920. Some months after giving the order the defendant wrote the complainants asking them to cut his order in half, or reduce it fifty per cent. The complainants agreed to this under slight protest. About the time that the goods were to be shipped it appears that the defendant visited New York City and asked complainants not to ship the goods until September as he would then get them in plenty of time. The complainants acquiesced in this request. Said shipment was made on September 18, 1920. The goods had been purchased f. o. b. New York. It appears that the shipment arrived in Memphis on October 22, 1920. The Lewis Transfer Company took possession of same, which company the jury found was an agent of the defendant. Said Transfer Company received the goods from the public carrier, which goods were consigned to the defendant. The next day after said goods were received by defendant's agent, the defendant wrote complainant that the shipment had not yet reached Memphis, and asked that same be traced. This letter was replied to on October 26th, the complainant stating that they were having the goods traced. The next step taken by the defendant was to notify the complainant that he had returned the goods. To this letter complainants wrote that they were very much surprised, but since defendant had returned the merchandise, rather than have hard feelings or a lawsuit complainants would accept the goods so returned. The defendant did not return the merchandise. After being delivered by the common carrier, the merchandise remained in the possession of the defendant's agent.

It is insisted by defendant that the complainants should have minimized their damages; that they knew the goods were in the hands of Lewis Transfer Company and being held by said company.

This is not a suit for damages on a breach of contract; it is a suit upon an open account, duly proven, and coming from another State. This transaction is controlled by the Uniform Sales Act, being sec. 3670a74 of Shan. Code, which reads as follows:

"(1) Where under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods. (3) Although the property in the goods has not passed, if they cannot be readily resold for a reasonable price, and if the provisions of section 3670a75 (4), are not applicable, the seller may offer to deliver the goods to the buyer, and if the buyer refuses to receive them, may notify the buyer that the goods are thereafter held by the seller or bailee for the buyer. Thereafter, the seller may

treat the goods as the buyers, and may maintain an action for the price.''

We find material evidence to sustain the verdict of the jury and the judgment of the lower court. We think the merits of this case have been reached.

It results that all of the assignments of error are overruled and disallowed and the judgment of the lower court is affirmed.

The complainant will recover of the defendant and his sureties on appeal bond the amount of the judgment rendered in the lower court, with interest thereon from the date of its rendition, and all the costs of the cause, for which execution will issue.

Heiskell and Senter, JJ., concur.