**BARBER & McMURRY, INC.,**
**Plaintiff-Appellee,**

v.

**TOP–FLITE DEVELOPMENT**
**CORPORATION INC., et al.,**
**Defendants-Appellants.**

Court of Appeals of Tennessee,
Eastern Section.

Aug. 14, 1986.

Permission to Appeal Denied by Supreme
Court Nov. 24, 1986.

Norman H. Williams and Barry W. Eubanks, Robertson, Williams, Ingram & Overby, Knoxville, for Top-Flite Development Corporation, Inc., and Joseph B. Delozier, defendants-appellants.

F. Michael Fitzpatrick, Arnett, Draper & Hagood, Knoxville, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

In this action, the trial judge entered judgment for architectural fees on behalf of plaintiff and refused to set aside the judgment in response to either a T.R.C.P., Rule 59 motion or a T.R.C.P., Rule 60 motion. Defendants have appealed.

The corporate defendant and Joseph B. Delozier, individual defendant, who was apparently chairman of the board of the corporation, were served with process on February 17, 1984. Plaintiff moved for a default judgment on the grounds the parties had failed to answer within the required time. On April 23, 1984, the corporate defendant answered. Delozier filed a motion to dismiss on May 21, 1984. On July 3, 1984, the trial judge entered an order overruling the motion to dismiss with leave to renew the motion after Delozier had given his discovery deposition.

On July 23, 1984, the clerk of the trial court mailed the attorneys for the respective parties the following notice:

Please be advised that the above styled nonjury case is set for trial at 9:00 a.m. on October 31, 1984. This is the only notice you will receive in the setting of this case.

On August 15, 1984, plaintiff's attorney gave notice to take Delozier's discovery deposition on September 6. The time was rescheduled to September 20, and was further rescheduled for October 4. According to the affidavit of plaintiff's attorney, on the morning of the 4th, Delozier's attorney contacted the attorney's office and advised the deposition was cancelled. No further efforts were made to reschedule the deposition prior to trial.

On October 31, 1984, the defendants' attorney called plaintiff's attorney and asked to continue the case because of a conflict with a divorce case set for trial on the same date in Jefferson County. Plaintiff's attorney refused and advised he would oppose a continuance. Defendants' attorney then contacted the trial judge and advised of the conflict and again called plaintiff's attorney's office, requesting plaintiff's attorney go to the courthouse and discuss the matter with the trial judge. Plaintiff's attorney's affidavit describes what occurred upon appearing before the judge:

He [judge] inquired as to the status of the matter and I explained briefly that I would oppose the continuance and described the problems I had encountered in getting Delozier available for a deposition.... I informed the Judge that if Delozier would appear for a deposition on that day at 1:00 p.m. I would agree to a continuance. I told Judge Mahood that I would pass this information on to Attorney Maxwell and I went to the phone at the Clerk's front desk at the Courthouse and placed a call to Maxwell. I spoke to his secretary and learned that Maxwell was on his way to Jefferson County. I left her a message that I would agree to a continuance of the case if defendant Delozier would appear in my office together with all of the corporate records for Top-Flite Development Corporation, Inc. at 1:00 p.m. on that date. She told me that she would try to set up the deposition and would let me know. She also advised that she would get in touch with Mr. Maxwell and inform him of the agreement....

Later in the morning I received several calls from the secretary for Mr. Maxwell describing her attempts to set up the

deposition of Delozier. On each occasion I informed her that I had to have the deposition of Delozier scheduled for that day at 1:00 p.m. while Court was in session so that I could be assured that he would in fact appear and answer questions....

Finally, at approximately 11:25 a.m. Mr. Maxwell's secretary called and informed me that Delozier was seeing patients but that he would be available for a deposition that afternoon at 5:00 p.m. I once again reminded her of the problems I had encountered in the past and ... I could only agree to a continuance if defendant Delozier presented himself for a deposition at 1:00 p.m. that day.... She indicated that she would contact Mr. Maxwell to advise of my statements.

At 1:00 p.m. defendant Delozier did not appear for a deposition and I proceeded to the Courthouse together with my client's representative and informed Judge Mahood that the defendant had not appeared for the deposition and we were prepared to proceed with trial.

The trial judge allowed the plaintiff to proceed with the trial and entered judgment on behalf of the plaintiff. Defendants insist the case of *Campbell v. Archer*, 555 S.W.2d 110 (Tenn.1977) controls. The court, in setting aside the judgments in that case, said: "The facts make out a case of mistake, inadvertence, or excusable neglect, rather than one of willful failure to appear." *Id.*, at 113.

The facts in the instant case do not establish neglect but rather deliberate choices. Defendants' counsel, for whatever reason, elected to try the case in Jefferson County rather than the instant case [1] and Delozier chose not to meet the condition of appearing for the deposition during office hours to obtain a continuance.

■ A trial judge has broad discretion in the grant or denial of a continuance of a regularly scheduled case and his decision will not be set aside unless there is a clear showing of abuse. *Morrow v. Drumright*, 202 Tenn. 307, 304 S.W.2d 313 (1957); *Barish v. Metropolitan Government, Etc.*, 627 S.W.2d 953 (Tenn.App.1981). Whether a continuance should be granted is determined "on the basis of the diligence or lack of same". *Morrow*, 202 Tenn. at 312, 304 S.W.2d 313. In order to show abuse of discretion, a party must show some prejudice or surprise which arises out of the trial court's failure to grant a continuance. *Com'r of Dept. of Transp. v. Hall*, 635 S.W.2d 110 (Tenn.1982). Where adequate time for trial preparation and notice of trial date are furnished, the proper procedure is to file an affidavit [2] showing lack of preparation and a "strong excuse" for changing the trial date. *Levitt & Co. v. Kriger*, 6 Tenn.App. 323 (1927). Generally, the failure of a party's attorney to attend trial is not regarded as a sufficient ground for setting aside a judgment "where the default was due to the counsel's occupation with other professional or business matters". 46 Am.Jur.2d, *Judgments*, § 728, p. 884. Moreover, the press of other business by counsel is insufficient to justify the granting of relief from a default judgment. *See* Annot., 21 A.L.R.3d 1255, § 6, at 1279.

■ We find no abuse of discretion by the trial court in refusing to set aside the default judgment.

■ Finally, it is argued that the judgment was entered in contravention of T.R.C.P., Rule 55.01, which requires a written notice of application for judgment at least five days prior to the hearing on such applications where a party has appeared in the action. The judgment entered here is not a default judgment within the requirements of T.R.C.P., Rule 55.01. The case was regularly docketed for trial on the date the judgment was entered with notice in excess

---

1. This case had been scheduled for more than 90 days and, apparently, the case was neither prepared for trial nor answer filed on behalf of Delozier.

2. "Special affidavits should support every motion for a continuance, unless the facts are admitted in writing, or the continuance consented to by the adverse party." *Gibson's Suits in Chancery*, (6th ed. Inman) § 618, p. 665.

of 90 days to all parties. While defendant Delozier had not answered, the motion for default in his case apparently was still pending. However, the plaintiff, by going to trial without timely pursuing a default judgment as to this defendant prior to trial, waived the right to rely upon Delozier's failure to answer as a basis for judgment. *See Edwards v. Edwards,* 501 S.W.2d 283 (Tenn.App.1973). The record establishes the judgment was based on evidence presented at trial.

We affirm the judgment of the trial court and remand with costs of appeal assessed to appellant.

PARROTT, P.J., and SANDERS, J., concur.