IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 2000 Session

## KIMBERLY DIANE RAMSEY v. ELMER COLE RAMSEY

**Appeal from the Circuit Court for Greene County**
**No. 99CV162     Ben K. Wexler, Judge**

SEPTEMBER 6, 2000

No. E1999-00577-COA-R3-CV

On March 4, 1999, the Plaintiff filed for a divorce. The Defendant was served on March 5, 1999. At the trial court's regular docket sounding held on March 19, 1999, the divorce hearing was set for July 20, 1999. The Defendant filed an answer on April 14, 1999. Neither counsel for the Defendant nor the Defendant appeared at the hearing. After being unable to contact the Defendant's attorney, the trial court heard the evidence and entered an order granting the Plaintiff a divorce, and custody of the child, setting child support, and dividing the marital property. Subsequently, the Defendant filed a motion to vacate the order averring he had no notice of the hearing and that Defendant's counsel had other business which kept him away from the hearing. The motion was denied by the trial court. The Defendant appealed. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is affirmed.**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

William H. Bell of Greeneville, Tennessee, for the appellant, Elmer Cole Ramsey

Roger A. Woolsey of Greeneville, Tennessee for the appellee, Kimberly Diane Ramsey

### OPINION

The Plaintiff, Kimberly Diane Ramsey, filed for a divorce on March 4, 1999. The complaint for divorce was served on the Defendant on March 5, 1999. At the regular trial court's docket sounding held on March 19, 1999, the divorce hearing was set for July 20, 1999. The Defendant filed an answer on April 14, 1999.

Counsel for the Plaintiff attempted to reach Defendant's counsel on the day before the hearing. Plaintiff's counsel left word with Defendant's counsel's secretary to have counsel call

him.  Defendant's counsel never returned the call.  Plaintiff's counsel continued to try to reach the Defendant's counsel  until the next morning.

The Plaintiff and her  counsel and witnesses appeared on the morning of July 20th for the hearing.  Neither counsel for the Defendant  nor  the Defendant appeared at the hearing. At the hearing the trial court instructed the bailiff to attempt to reach Defendant's counsel and delayed the hearing until the last case on the docket.  The trial court then heard Plaintiff's evidence.

Final judgment of divorce was entered on July 23, 1999.  The trial judge awarded the Plaintiff the divorce and custody of the parties' child, child support of $103.00 per week, divided the marital property and debts and awarded Plaintiff attorney fees of $850.00.  The trial court also set the Defendant's visitation with the minor child.

On July 26, 1999, counsel for the Defendant filed a Tenn. R. Civ. P. 59.03 motion to vacate the "default" judgment averring the following:
a.      Counsel was in General Sessions Court in Knoxville on July 20, 1999;
b.      Counsel was not informed of the trial taking place on July 20th; and
c.      Counsel arrived back in Greeneville at 12:00 p.m. where he remained the rest of the day and that he attempted to return Mr. Woolsey's call at 2:10 p.m. on July 20th.

The trial court held a hearing on September 7, 1999, on the motion to vacate the final judgment of divorce.  The trial court denied the  motion and entered the following order on September 13, 1999.

> This matter came on for further consideration of the 7th day of September, 1999, before the Honorable Ben K. Wexler, Circuit Court judge, upon the Defendant, Elmer Cole Ramsey's Motion to Vacate the Final Judgment of Divorce, entered in this cause on the 23rd day of July, 1999, from the appearance of the parties with their attorneys, statements and arguments of the respective attorneys, and from a review of the record as a whole from all [of] which the Court finds that this Court had a scheduled docket sounding on March 19, 1999 and that this case and all other cases on the court's trial docket were set for hearing and that this case was specifically set for final hearing on July 20th, 1999.  The Court further finds that it is the responsibility of each party and/or their attorney to be present at the docket sounding and/or determine the trial setting for each case.  That this matter came to be heard on the 20th day of July, 1999 and that the Plaintiff was present with her subpoenaed witnesses in court ready for a final hearing.  That the Court made every reasonable effort that day to contract the Defendant's attorney, in fact, placed the matter at the end of the docket for hearing and heard the case on the date scheduled.  Based on the foregoing as well as the entire record in this case, the Court is of the opinion that the Defendant's motion to vacate is not well taken and should be denied.

On September 22, 1999, Defendant's counsel filed an affidavit from the Defendant averring that he wished to have custody of his daughter, he had no psychological problems while Plaintiff had a history of psychological problems, Defendant and his attorney contacted each other daily - over a hundred times, and Defendant had always been ready to vigorously pursue the lawsuit.

Defendant timely filed his notice of appeal on September 22, 1999.

On October 28, 1999, Defendant's counsel filed an affidavit with the trial court averring, *inter alia*, that he had written and spoken to Mr. Woolsey dozens of times about the divorce matters, that previous to the default judgment, his secretary and he, at different occasions, visited Mr. Woolsey's office and attempted to have an early setting of the case with Mr. Woolsey, to no avail, and Defendant's counsel was never given any notice, (telephonic, letters, etc.) whatsoever, of the setting of the case.

On the same day he also filed the affidavit of Jill Berry to the effect that Ms. Berry telephoned Defendant's counsel at 11:30 p.m. on July 19th. During that telephone call, Defendant's counsel agreed to come to Knoxville to represent her in General Sessions Court the following morning.

The Defendant presents the following issue for our consideration:

> The trial court improperly gave judgment to the plaintiff without the presence, or proper notice, to the defendant, or the defendants (sic) attorney, as required by Tennessee Rules of Civil Procedure and the trial Judges (sic) own local rule.

Our review of this non-jury case is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Rule 13(d), Tenn. R. Civ. P. We must honor this presumption unless we find that the evidence preponderates against the trial court's findings. Union Carbide Corp. v. Huddleston , 854 S.W.2d 87, 91 (Tenn. 1993); Matter of Gordon , 980 S.W.2d 372, 376-77 (Tenn. Ct. App. 1998); Quarles v. Shoemaker, 978 S.W.2d 551, 552 (Tenn. Ct. App. 1998). The trial court's conclusions of law are not afforded the same deference, however, and we review those legal conclusions "*de novo* with no presumption of correctness." Premium Finance v. Crump Ins. Services , 978 S.W.2d 91, 93 (Tenn. 1998); Stein v. Davidson Hotel Co ., 945 S.W.2d 714, 716 (Tenn. 1997).

The first item we address is the affidavits in the record and the exhibits included in the appendix to Defendant's brief. The affidavits that are contained in the record before us were filed after the September hearing on the motion to vacate and were not before the trial court at the time of the hearing.[1] Neither were the exhibits included in the record or before the trial court at the

---

[1]On August 29, 2000, Mr. Bell filed with the appellate court clerk motion to modify the record with an affidavit that he filed in trial court on August 21, 2000, to the effect that on the date "the default judgment was taken against my

(continued...)

hearing. We also note that although Defendant's counsel refers repeatedly to the Order of Protection hearing held in April 1999 between the parties, that those documents are not contained in the record.[2] Tenn. R. App. P. 24(g) limits what anyone may add or subtract from the record.[3] Therefore, because the documents were not before the trial court at the September hearing, they can not be considered.

Secondly, we note that Defendant continuously referred to the final judgment in this matter as a "default" judgment. Tenn. R. Civ. P. 55.01 provides:

> 55.01 Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:
>
> The party entitled to a judgment by default shall apply to the court. All parties against whom a default judgment is sought shall be served with a written notice of the application for judgment at least thirty days before the hearing on the application, regardless of whether the party has made an appearance in the action. No judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

---

[1](...continued)
client, my mother, Peggy Bell, at the time age 80, was in the hospital in Knoxville, TN for a heart attack." This affidavit was also not considered by the trial court at the time of the September 1999 hearing, and will not be considered by us. Mr. Bell's motion to modify is denied.

[2]On March 1, 1999, Plaintiff filed for an order of protection against her husband, the Defendant. A hearing was held on the petition on April 5, 1999. Both parties were represented by the same counsel as in the divorce. The trial court granted Plaintiff the order of protection, awarded Plaintiff the custody of the parties' child, awarded Defendant visitation and ordered the Defendant to pay child support of $100 per week and spousal support of $255 per month.

[3]Tenn. R. App. P. 24(g) Limit on Authority to Add or Subtract from the Record. Nothing in this rule shall be construed as empowering the parties or any court to add to or subtract from the record except insofar as may be necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal.

55.02 Setting Aside Default. For good cause shown the court may set aside a judgment by default in accordance with Rule 60.02.[4]

"A judgment by default results when the defendant has no defense or does not appear to make it." 16 Tenn. Juris., *Judgments and Decrees*, § 79, and the cases cited therein. "The setting aside of a judgment addresses itself and lies within the sound discretion of the court." Keck v. Nationwide Systems, Inc., 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973).

It is undisputed that Defendant filed an answer to the complaint and that Defendant's counsel made an appearance before the trial court on Defendant's behalf. Defendant's counsel himself admitted at the September hearing that it was not a default judgment.[5] Therefore, while judgment was entered, we find that it was not a default judgment. *See* Barber & McMurry, Inc. v. Top-Flite Development Corporation, Inc., 720 S. W. 2d 469, 470 (Tenn. Ct. App. 1986).[6]

Thirdly, we address the issue that Defendant's counsel had no notice of the July 20th hearing. Judge Wexler generally had three docket soundings a year of cases coming before him in the Circuit Court. The notice of each docket sounding is posted in several locations in and outside of the Circuit Court Clerk's office. Local attorneys who practice in Greeneville are advised to be present at the docket sounding as all matters are set unless an attorney, who is present, asks for a case to be passed for good cause. This case was set to be heard on July 20, 1999, at the regular docket sounding for Judge Wexler held on March 19, 1999. One week after the docket sounding any attorney may pick up a listing of every case filed and when the case is set. Any inquiry as to the court date for the case would have been available by calling the office of the Circuit Court Clerk between March 19, 1999 and July 20, 1999.

---

[4] Tenn. R. Civ. P. 60.02 provides:

Mistakes - Inadvertence - Excusable Neglect - Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court.. . .

[5] Tr. p. 8, lines 8-9.

[6] "Finally, it is argued that the judgment was entered in contravention of T.R.C.P., Rule 55.01, which requires a written notice of application for judgment at least five days prior to the hearing on such applications where a party has appeared in the action. The judgment entered here is not a default judgment within the requirements of T.R.C.P., Rule 55.01. The case was regularly docketed for trial on the date the judgment was entered with notice in excess of 90 days to all parties." Barber & McMurry, Inc., 720 S. W. 2d at 471.

It is well-settled that the trial court is in the best position to assess the credibility of witnesses; accordingly, such determinations are entitled to great weight on appeal. Quarles , 978 S.W.2d at 553; Massengale v. Massengale , 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995); Bowman v. Bowman, 836 S.W.2d 563, 566 (Tenn. Ct. App. 1991). At the September hearing, the trial court heard from both attorneys. The trial court judge was in the best position of assessing the credibility of both counsel. Moreover, as Judge Wexler verbally stated from the bench in denying the motion to vacate:

> I can't go and run every lawyer in Greeneville and Rogersville and Morristown down and tell them that their case is set. And a lot of times when they're not there, I just set it. It's up to them to find out when they are. Because if we had to fool around every docket sounding day and run down every lawyer in East Tennessee, we never would get though. . . .
> And it went on from March till (sic) July. Somebody ought to have been put on notice just the length of time that this case was somewhere. Normally, it would've been set during that time. And that morning trying to find Mr. Bell. I don't think this is rule where you had to get a default, because it was a case set at docket sounding. It was a case that was contested. Now, if it was uncontested, that's a different proposition. You have a court reporter here, and I imagine you're going to appeal this. And I'd just like to see what the result is. I'm not going upset this thing, because if I did, every lawyer here would pull it on me every time they wanted to go fishing and they had a court case, they'd just go.

Furthermore, in Barber & McMurry, Inc. v. Top-Flite Development Corporation, Inc., 720 S. W. 2d 469, 471 (Tenn. Ct. App. 1986), defendant's attorney requested a continuance which was opposed by plaintiff's counsel. Plaintiff's counsel appeared with his client at the courthouse on the hearing date prepared for trial. The trial judge allowed the plaintiff in that case to proceed and entered judgment on behalf of the plaintiff. On appeal by the defendant, this Court found:

> Generally, the failure of a party's attorney to attend trial is not regarded as a sufficient ground for setting aside a judgment "where the default was due to the counsel's occupation with other professional or business matters." 46 Am. Jur. 2d, *Judgments*, § 728, p. 884. Moreover, the press of other business by counsel is insufficient to justify the granting of relief from a default judgment. *See* Annot., 21 A.L.R. 3d 1255, Sec. 6, at 1279.

In this matter, Defendant's counsel was attending to the business of his other clients,[7] at the time of the docket sounding and on the date of the divorce hearing. He did not return

[7] In Defendant's brief, Defendant's counsel expounds that he does a lot of *pro bono* work and that Ramsey and Berry were *pro bono* clients. We do not find that the status of the client - whether paying or *pro bono* - is relevant in this matter.

Plaintiff's counsel's telephone calls.  We find no abuse of discretion by the trial court in hearing the Plaintiff's evidence at July 20th hearing and entering judgment thereon, or in refusing to set aside the judgment.

The trial court is affirmed in all respects. This matter is remanded to the trial court for such further proceedings as may be necessary consistent with this opinion and collection of costs below. Costs on appeal are adjudged against Elmer Cole Ramsey and his surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE