IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 11, 2001 Session

# LISA HUGHES and JAMES HOWARD HUGHES v. WILMA KAY EFFLER and SANDRA SUE GATLIN, Individually and as Co-Executrixes of the Estate of Emma B. McClure, BBCH PROPERTIES, LLC., and BRAUN & ASSOCIATES, INC.

**Direct Appeal from the Circuit Court for Blount County**
**No. L-12323     Hon. W. Dale Young, Circuit Judge**

**FILED AUGUST 7, 2001**

**No. E2000-03147-COA-R3-CV**

Plaintiffs alleged that defendant appraiser's negligence in making an appraisal resulted in their damage. The Trial Court granted defendant summary judgment. Plaintiffs appeal the refusal of the Trial Judge to grant them additional time to defend the summary judgment motion. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

W. Richard Baker, Jr., Knoxville, Tennessee, for Appellants Lisa Hughes and James Howard Hughes.

Robert L. Green, Knoxville, Tennessee, for Appellee, Braun & Associates, Inc.

## OPINION

In this action, plaintiffs appeal from a summary judgment in favor of Braun & Associates, Inc., ("Braun"), arguing that the Trial Judge abused his discretion in refusing to allow additional time to prepare a defense to the motion, and in any event, summary judgment was inappropriate.

Plaintiffs are beneficiaries of the Will of Emma McClure, and in their Complaint, allege that Braun appraised certain real property in the McClure's estate and rendered an opinion of its value. Based upon that appraisal, plaintiffs claim that the co-executrixes of the Estate negotiated with them to buy their interest in the property, which they agreed to do, and that the property was then sold for a substantial profit. Plaintiffs allege that Braun's appraisal was negligent and/or improper, and that plaintiffs relied on the appraisal to their detriment.

Braun filed a Motion for Summary Judgment on May 2, 2000, along with a Statement of Undisputed Facts and the Affidavit of David A. Braun. Braun's Motion was set for hearing on June 12, 2000, but plaintiffs filed a Motion seeking a continuance of the hearing date on May 10, 2000. An Order was entered on June12, 2000, granting plaintiffs' Motion for a Continuance, and resetting the Motion to be heard on August 28, 2000. An Order was then entered on August 28, 2000, which states that plaintiffs' attorney made an oral motion at a hearing for additional time to conduct discovery, which was denied, and the Court then granted Braun's Motion for Summary Judgment, which was entered pursuant to Tenn. R. Civ. P. 54.02. Subsequently, the plaintiffs moved to have the summary judgment set aside, stating that the case had only been pending five months, and discovery had not been done, nor had all of the defendants answered the complaint. No affidavits were filed with the Motion. This Motion was heard on November 20, 2000, which was denied on that date, and two days later, plaintiffs' attorney filed an Affidavit stating that the summary judgment hearing had been continued from June until August, and that no discovery had been done during that time relative to Braun, because "until discovery was accomplished between the plaintiffs and all of the defendants except Braun & Associates, Incorporated, plaintiffs could not move forward with any discovery with Braun & Associates pending the obtaining of answers to discovery in this matter."

Plaintiffs argue that the Trial Court abused its discretion in failing to grant them another continuance of the summary judgment and in failing to reconsider its grant of summary judgment. The standard of review of this action is whether or not the Trial Court clearly abused its discretion. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94 (Tenn. 1993); *Barber & McMurry v. Top-Flite Development*, 720 S.W.2d 469 (Tenn. Ct. App. 1986).

The Statement of Undisputed Facts states that Braun did not deviate from the applicable standard of care, as does the affidavit. Plaintiffs filed no response by affidavit or otherwise to rebut this. Numerous cases have refused to give a party relief where their own neglect has caused them to suffer a disadvantage. There is nothing in the record to indicate that the plaintiffs could not have undertaken meaningful discovery in the five month period that this case was pending, nor, do they give any reason as to why they failed to do so. *.See Kerney v. Cobb*, 658 S.W.2d 128 (Tenn. Ct. App. 1983); *Ravenwood Homeowners Ass'n v. Bailey*, 1988 WL 87676 (Tenn. Ct. App. Aug. 26, 1988); *Laue v. Richardson*, 1987 WL 9374 (Tenn. Ct. App. Apr. 14, 1987).

We find no abuse of discretion by the Trial Court in refusing to allow another continuance of the Motion. Tenn. R. Civ. P. Rule 56.07 presupposes that the opponent of the motion

seeking a continuance will set forth facts in an affidavit essential to justify the continuance.[1]

Plaintiffs also argue the Court should have reconsidered it ruling pursuant to Tenn. R. Civ. P. 60.02(5). We have reviewed the record, and find no basis to grant relief under this Rule, and affirm the Trial Judge on this issue.

Finally, plaintiffs argue that summary judgment was inappropriate. On the basis of the record before the Trial Court at the time the summary judgment was granted, there was no genuine dispute of any material fact on the issue relating to Braun. We affirm the Court's ruling on this issue.

As this Court has previously explained:

Summary judgment proceedings are not disfavored procedural shortcuts, but rather are useful proceedings that provide an expeditious and inexpensive means to conclude litigation when there are no material factual disputes. The practicing bar has now been on notice for more than two decades that summary judgment motions should not be taken lightly. They have also been admonished repeatedly that parties facing a summary judgment motion cannot rest on the mere allegations or denials in their pleadings but rather must respond with appropriate evidentiary materials demonstrating that there is a genuine issue for trial.

*Bradley v. McLeod*, 984 S.W.2d 929 (Tenn. Ct. App. 1998)(citations omitted). *Also see Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924, 929 (Tenn. Ct. App. 1984).

We affirm the Judgment of the Trial Court and remand with cost of the appeal assessed to the appellants.

_____
HERSCHEL PICKENS FRANKS, J.

_____

[1]**Rule 56.07 When Affidavits Are Unavailable**

Should it appear from the affidavits of a party opposing the motion that such party cannot for reasons stated present by affidavit facts essential to justify the opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.