IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2019 Session

## WILLIAM A. REESE, JR. v. DOMINICK AMARI

**Appeal from the Circuit Court for Wilson County**
**No. 15267     Clara W. Byrd, Judge**

_____

### No. M2019-00329-COA-R3-CV

_____

This is an action to revive a judgment originally entered in 1987; the judgment debtor moved to have the judgment set aside, contending that the judgment was void. The trial court denied the motion and renewed the judgment; the judgment debtor appeals. Upon our review, we conclude that the record shows that the debtor answered the complaint but failed to appear at the trial, which proceeded in his absence and led to the judgment; consequently, the judgment was valid. Accordingly, we affirm the trial court's denial of the motion to set aside the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

William H. Farmer and Patricia J. Cottrell, Nashville, Tennessee, for the appellant, Dominick Amari.

Ben Boston, Charles W. Holt, and Wyatt Boston, Lawrenceburg, Tennessee; and Byron M. Gill, Lebanon, Tennessee, for the appellee, William A. Reese, Jr.

## OPINION

### I. FACTUAL AND PROCEDURAL HISTORY

William Reese filed a sworn complaint in Wilson County Circuit Court on May 16, 1986, against Dominick Amari, seeking to recover on a contract Mr. Amari had signed to pay for repairs to Mr. Reese's airplane. Mr. Amari answered the complaint on August 18, and the case was set for trial on August 5, 1987; Mr. Amari did not appear. At trial, Mr. Amari's counsel, R. David Allen, moved to withdraw, which was granted. The order at

issue recites that Mr. Reese moved for a "judgment by default," which the court granted, and the case proceeded with Mr. Reese presenting proof of damages; the court entered the order on August 11, granting Mr. Reese judgment in the amount of $39,886.51.[1]

On July 17, 1997, Mr. Reese filed a "Complaint to Renew Judgment" in Wilson County Circuit Court requesting that a writ of *scire facias*[2] issue requiring Mr. Amari to show cause why the 1987 judgment, together with interest and costs now totaling $79,773.02, should not be renewed. Mr. Amari answered, asserting that the amount of the judgment was fraudulent because Mr. Reese overstated the damages to the plane and had accepted $2,500 and a plane worth $13,000 from Mr. Amari. In due course Mr. Reese moved for summary judgment, and on February 23, 1998, the court granted the motion, issued the writ, and revived the judgment in the amount of $79,773.02.[3]

On February 6, 2008, Mr. Reese filed a sworn "Complaint for Revival of Judgment," again requesting that a writ of *scire facias* issue, reviving the original judgment, with interest and costs. Mr. Amari did not answer, and on April 28, Mr. Reese moved for a default judgment; the court entered an order on June 3, 2008, reviving the August 11, 1987 judgment, as previously revived in the February 20, 1998 order, and granting Mr. Reese "the right to recover from Defendant DOMINICK AMARI the sum of Thirty-Nine Thousand Eight Hundred Eight-Six Dollars and Fifty-One Cents ($39,886.51) plus post-judgment interest accrued from August 11, 1987."

On May 29, 2018, Mr. Reese filed two motions: a motion to extend the June 2008 judgment for another ten (10) years pursuant to Tennessee Rule of Civil Procedure 69.04,

---

[1] The order recites:

> [T]he plaintiff presented proof for damages to aircraft in the amount of Thirty-Four Thousand Three Hundred and Eighty-Six Dollars and .51/11 ($34,386.51), plus loss of use of the said aircraft in the amount of Eight Thousand Dollars ($8,000.00) and a Twenty-Five Hundred Dollar ($2,500.00) credit to be given to the defendant for payment that he has made to the plaintiff toward the aircraft, for a net judgment of Thirty-Nine Thousand Eight Hundred Eight-Six Dollars and .51/100 ($39,886.51).

[2] *Scire facias* is defined as:

> A writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be enforced, annulled, or vacated, or why a dormant judgment against that person should not be revived[.]

BLACK'S LAW DICTIONARY (11th ed. 2019). The procedure governing writs of *scire facias* is codified in Tennessee Code Annotated sections 29-32-101—109.

[3] Mr. Amari filed an affidavit as part of his response to the motion wherein he recited, *inter alia*, the events that led to the debt, and stated that "Mr. Reese started legal proceedings and I hired David Allen to look after my interests."

and a motion to order the sale of real property owned by Mr. Amari to satisfy the judgment, pursuant to Rule 69.07. Mr. Amari filed an opposition to the motions, asserting that the motions should be denied since the 1987 judgment was void because he filed an answer to the original complaint and did not receive notice that a default judgment was being sought, as required by Rule 55.01. On September 26, Mr. Amari moved, pursuant to Rules 55.02 and 60.02(3), to have the 1987 judgment set aside because it was void.

On January 29 the court entered an order making findings of fact, granting Mr. Reese's motion to extend the judgment, ordering the sale of the property, and denying Mr. Amari's motion. Mr. Amari appeals. Upon our review of the parties' briefs and the record before us, we have determined that the threshold issue in this case is whether the 1987 judgment was void.

## II. ANALYSIS

Mr. Amari argued in his Rule 60.02 motion that the 1987 judgment is void because he had filed an answer denying liability and because he was not given notice that a default judgment was being sought, as required by Rule 55.01. Upon our review of the record, while we agree that Mr. Amari filed an answer, making a default judgment inappropriate, we do not agree that he was entitled to the notice required by Rule 55.01.

Mr. Amari filed an answer on August 8, 1986, denying liability; the answer was filed by his then-counsel, R. David Allen. The record includes a copy of an undated letter Mr. Amari wrote Mr. Allen, received by Mr. Allen on April 6, 1987, advising that he "will be out of the country for a period and will not be available at the office"; that letter contains handwritten notations memorializing unsuccessful efforts Mr. Allen made to contact Mr. Amari between June 18 and July 13, 1987. The record also contains a copy of a letter Mr. Allen sent by certified mail to Mr. Amari on July 14, 1987, advising him that the case was set for trial on August 5, that he would withdraw if Mr. Amari did not contact him "since I cannot defend an absent client," and that Mr. Reese "could take a judgment against you if you do not have an attorney and do not appear."[4] Mr. Amari did not appear, his counsel was allowed to withdraw, the trial was conducted on evidence, and the court entered a judgment against him.

Inasmuch as Mr. Amari filed an answer, the judgment was not a default judgment, as contemplated by Rule 55. Although the court referred to the judgment as a "judgment by default" in the order, the record clearly shows that Mr. Amari filed an answer to the original complaint, that he received notice from his then-attorney that the trial was set and that judgment could be entered against him if he failed to appear and did not have an

---

[4] Although Mr. Allen's motion to withdraw is not a part of the record, the letters are marked as exhibits and appear in the record immediately after the order granting Mr. Allen's withdrawal.

attorney, and that, on the day of trial, the case proceeded in his absence. The 1987 judgment constituted a judgment on the merits in all respects.

This court has addressed this situation before. In *Fausnaught v. DMX Works, Inc.*, the defendants argued that a judgment against them when they failed to appear at trial constituted a default judgment for purposes of Rule 55.01 and, therefore, should be set aside; we rejected the argument, holding that "[t]he action taken by the court at the trial of this case did not constitute a default judgment but, rather, was a judgment based on the issues joined by the pleadings and the testimony and evidence presented at the trial." No. M2011-01911-COA-R3-CV, 2012 WL 2087157, at *1 (Tenn. Ct. App. June 8, 2012); *see also Barber & McMurry, Inc. v. Top-Flite Dev. Corp. Inc.*, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986) (holding that a judgment entered against a defendant who had not filed an answer but had filed an unsuccessful motion to dismiss and failed to appear at trial, was not a default judgment, within the requirements of Rule 55.01).

Consistent with these holdings, we conclude that the 1987 judgment was not a default judgment contemplated by Rule 55.01; rather, it was a judgment "based on the issues joined by the pleadings and the testimony and evidence presented at trial." *Fausnaught*, 2012 WL 2087157, at *1.[5] Therefore, the 1987 judgment is not void, and we proceed to review the denial of Mr. Amari's motion to set aside the judgment.

Rule 60.02(3) allows a court to relieve a party from a final judgment when the judgment is void. We review a ruling on a Rule 60.02 motion under the abuse of discretion standard. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn. 1993). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

In the order denying the motion, the court set out the factual and procedural history of the case and correctly determined that all the prior orders were "good and valid orders." The motion to set aside the judgment was premised on Mr. Amari's contention that the 1987 judgment was void; we have determined that it was not. In denying the motion, the court applied the proper legal standard and correctly held that, because the judgment was not void, it was not subject to being set aside. The court did not abuse its discretion in denying the motion.

---

[5] In cases where no transcript or statement of the evidence is filed, we presume that the record, had it been properly preserved, would have supported the action of the trial court. *Reinhardt v. Neal*, 241 S.W.2d 472, 477 (Tenn. Ct. App. 2007); *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

## III. Conclusion

For the foregoing reasons, we affirm the judgment of the trial court in all respects.

_____
RICHARD H. DINKINS, JUDGE