IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 14, 2007 Session

## STEPHEN L. MEISENHEIMER & MICHAEL LORING MEISENHEIMER EX REL. STEPHEN L. MEISENHEIMER v. GORDON MEYER

**Appeal from the Circuit Court for Knox County**
**No. 89-324589    Wheeler A. Rosenbalm, Judge**

---

**No. E2006-02731-COA-R3-CV  - FILED OCTOBER 4, 2007**

---

Gordon Meyer appeals the trial court's denial of his motion to vacate the judgment entered against him pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.  Mr. Meyer and his former wife, Leslie Meyer, were sued by Stephen and Michael Meisenheimer after Michael Meisenheimer, a minor, was injured during a birthday party at the defendants' residence.  Mr. Meyer and Mrs. Meyer failed to appear for trial, and the trial court, after hearing the plaintiffs' proof, entered a judgment against the defendants in the amount of $12,683.25.  Mrs. Meyer's debt was discharged in bankruptcy, and the plaintiffs sought to collect from Mr. Meyer.  The judgment was revived in 2003, and after the assignee of the plaintiffs filed a motion to compel Mr. Meyer to answer post-judgment interrogatories, Mr. Meyer filed a Rule 60.02 motion to vacate the judgment.  Although two attorneys entered pre-trial appearances on behalf of Mr. Meyer and Mrs. Meyer, one of whom filed an answer for the couple in circuit court, Mr. Meyer denied knowledge of the lawsuit and claimed that he did not receive notice of the trial date.  Mr. Meyer submitted an affidavit from one of the attorneys who appeared on his behalf, claiming that he did not remember ever talking to Mr. Meyer about the lawsuit.  An affidavit from a third attorney, Stephen Bowling, who represented Mr. Meyer in his divorce suit and to whom a copy of the judgment in this case was mailed, confirmed that he would not have accepted service or forwarded any legal documents for Mr. Meyer if the documents did not pertain to the divorce action.  Following a hearing, the trial court overruled Mr. Meyer's Rule 60.02 motion, and he appeals.  After careful review, we affirm, finding that Mr. Meyer failed to meet his burden of proof to justify Rule 60.02 relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Edward L. Summers, Knoxville, Tennessee, for the Appellant, Gordon Meyer.

Joshua J. Bond, Knoxville, Tennessee, for the Appellees, Stephen L. Meisenheimer and Michael Loring Meisenheimer ex rel. Stephen L. Meisenheimer.

**OPINION**

*I. Background*

This case arises from an injury that occurred nearly two decades ago. On May 1, 1988, Michael Meisenheimer, then 7 years old, was injured at the residence of Gordon and Leslie Meyer while attending a birthday party for the Meyers' son.[1] On April 28, 1989, Michael Meisenheimer and his father, Stephen Meisenheimer, sued the Meyers for medical expenses and other damages resulting from the accident. A returned summons indicating service of process is not included in the record on appeal. A few months later, attorney Richard Hollow filed an answer on behalf of Gordon and Leslie Meyer, denying liability for Michael Meisenheimer's injury. Mr. Hollow subsequently filed a motion to withdraw, which was granted by the trial court on October 6, 1989. On January 29, 1990, attorney Steven Bowling file a motion for continuance on behalf of the Meyers, requesting additional time for the couple to hire another attorney. On the motion, Mr. Bowling noted that he was "appearing for the limited purpose of obtaining a continuance for the Defendants." The trial court granted the motion, but did not set a trial date at that time.

On September 18, 1990, the trial court entered an order continuing the trial because the Meyers did not appear at the September 11, 1990, trial date and "there was some question as to whether these defendants had received notice of the trial date." The case was set for a status hearing on October 5, 1990. The notice was mailed to Gordon and Leslie Meyer at two addresses: 12128 Aspen Wood Drive, Knoxville, TN 37922; and P.O. Box 22327, Knoxville, TN 37933.[2] An order entered following the status hearing stated that "[t]he *defendant* appeared and advised the Court that *they* had not received notice of the trial and that *they* did intend to obtain counsel to represent *them* in this matter." (Emphasis added.) From this order, it is unclear whether Gordon and Leslie Meyer both appeared before the trial court on that day, or whether just one of the defendants attended the hearing, and if so, which one. Regardless, the trial court gave the Meyers 30 days to obtain counsel.

The Meyers failed to attend the next status hearing, which took place on November 13, 1992, and the trial court set a trial date of March 16, 1993.[3] An order was entered on January 14, 1993, reflecting this ruling. However, the certificate of service attached to this order was not signed.

---

[1]The injury apparently involved a four-wheeler that was present on the Meyers' property, although the details of the accident do not appear in the record.

[2]These addresses differ from the address the plaintiffs initially offered for service of process, which was the Meyers' marital residence at 11424 Hickory Springs, Knoxville, TN 37932.

[3]There is nothing in the record to indicate why this case lay dormant for nearly two years before another trial date was scheduled.

Both Gordon and Leslie Meyer failed to appear at the bench trial of this matter on March 16, 1993.  After hearing the plaintiffs' evidence, the trial court found in favor of the plaintiffs in the amount of $2,683.25 for Stephen Meisenheimer and $10,000 for Michael Meisenheimer.  In the trial court's judgment entered the following week, the trial court made the following findings:

> The Court specifically found that the defendants' bankruptcy petition was dismissed and they were not discharged from the debts relating to this lawsuit.  The Court further found that a copy of the Court's order dated January 14, 1993, was mailed to the last known address of the defendants at 12128 Aspen Wood Drive, Knoxville, Tennessee 37922, but the same was returned to sender.  The Court further found, however, that the certificate of service of the Order dated January 14, 1993 mailed to their Post Office Box 22327, Knoxville, Tennessee, 37933 was not returned to sender.

The certificate of service for the judgment included three addresses for Mr. Meyer[4] and two for Ms. Meyer,[5] at least one of which was provided to defense counsel by Ms. Meyer.

On January 27, 2003, the plaintiffs filed a Motion to Revive Judgment, requesting that the judgment be revived against Mr. Meyer only, as Mrs. Meyer had since discharged the debt in bankruptcy.  The trial court granted the plaintiffs' motion approximately seven months later.  Sometime after that, the plaintiffs assigned the proceeds from the judgment to Gault Financial, LLC[6], whose attorney mailed post-judgment interrogatories to Mr. Meyer in May of 2005.[7]  The following month, the plaintiff filed a motion to compel.  The trial court granted the plaintiff's motion and gave Mr. Meyer until August 11, 2005, to answer the interrogatories or be subject to sanctions.  On August 23, 2005, the plaintiff filed a second motion to compel, which was mailed to Mr. Meyer at the following addresses:  P.O. Box 22327, 9312 Briarwood Blvd., Knoxville; and 2404 E. Gallaher Ferry Road, Knoxville.  The trial court entered a second order compelling Mr. Meyer to respond to the plaintiff's post-judgment interrogatories, this time setting a deadline of October 1, 2005.  In early November, the plaintiff filed a Motion for Contempt and supporting affidavits in response to Mr. Meyer's failure to answer the interrogatories.  The trial court entered an Order for Show Cause on December 13, 2005, and set a hearing date of February 3, 2006.

On January 19, 2006, Mr. Meyer, acting through his attorney, Edward Summers, filed a

---

[4]The addresses for Mr. Meyer included:  P.O. Box 22327, Knoxville; 7808 Hall Road, Knoxville; and c/o Terry Holland, Esq., 408 N. Cedar Bluff Road, Suite 556, Knoxville.

[5]The addresses for Ms. Meyer included: 11831 Kingston Pike, #119, Knoxville; and c/o Don Bosch, Esq., 1832 Plaza Tower, Knoxville.

[6]For the sake of simplicity and continuity, we will also refer to Gault Financial, LLC, as a "plaintiff."

[7]The interrogatories were mailed to Mr. Meyer at P.O. Box 22327, 9312 Briarwood Blvd., Knoxville.

Motion to Vacate Judgment pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. Mr. Meyer alleged that he did not receive notice of the lawsuit filed by the plaintiffs or the trial that was held in this matter until after judgment was entered against him. Mr. Meyer submitted a brief in support of his motion, as well as affidavits from himself, Mr. Holland, and Mr. Bowling. The plaintiff filed a brief in opposition to Mr. Meyer's motion.

On April 7, 2006, the trial court held a hearing on Mr. Meyer's motion to vacate the judgment. After hearing the arguments of counsel and considering the record, the trial court overruled Mr. Meyer's motion. Mr. Meyer appeals.

## II. Issues Presented

Mr. Meyer has presented the following issues on appeal:

1. Whether the trial court erred in overruling Mr. Meyer's motion to set aside a judgment when notice of the trial date was allegedly not given to him.

2. Whether the trial court erred in failing to set aside the default judgment entered against Mr. Meyer when the trial was allegedly conducted in violation of Rule 5.03 of the Tennessee Rules of Civil Procedure.

3. Whether Mr. Meyer was denied due process of law under the 14th Amendment to the United States Constitution when judgment was entered against him without his having been notified of the hearing which resulted in judgment being entered against him.

## III. Analysis

In a non-jury case such as this one, we review the record *de novo* with a presumption of correctness as to the trial court's determination of facts, and we must honor those findings unless there is evidence which preponderates to the contrary. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). When a trial court has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, considerable deference must be accorded to the trial court's factual findings. *Seals v. England/Corsair Upholstery Mfg. Co., Inc.,* 984 S.W.2d 912, 915 (Tenn. 1999). The trial court's conclusions of law are accorded no presumption of correctness. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

A trial court is vested with wide discretion in ruling on a Rule 60.02 motion, and we will not disturb the trial court's decision unless it has abused its discretion. *Brown v. Weik,* 725 S.W.2d 938, 947 (Tenn. Ct. App. 1983). According to the Tennessee Supreme Court, "A trial court abuses its discretion only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001) (internal quotations omitted). Therefore, we must uphold the trial

court's ruling as long as reasonable minds could disagree about its correctness. ***DeLong v. Vanderbilt University****,* 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005).

### *A. Notice of Trial Date*

Mr. Meyer argues that the trial court erred by refusing to vacate the judgment entered against him, because he did not have notice of the lawsuit or the trial. Rule 60.02 of the Tennessee Rules of Civil Procedure provides for relief from a judgment under certain circumstances:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; . . . or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02. As the party seeking relief from a final judgment, the burden of proof was upon Mr. Meyer, and it was his duty to prove by a preponderance of the evidence that one of the grounds for relief under Rule 60.02 existed.[8] ***Henry v. Goins***, 104 S.W.3d 475, 482 (Tenn. 2003). In support of his motion, Mr. Meyer offered affidavits from himself, Mr. Holland, and Mr. Bowling as proof that he did not receive notice of the trial date.

In his affidavit, Mr. Meyer stated that he was not at home when Michael Meisenheimer's injury allegedly occurred, and he was not aware that the Meisenheimers had filed a lawsuit against him until the summer of 2005, when he received a copy of a motion to compel. Mr. Meyer asserted that on the date the complaint was filed, he and Mrs. Meyer were separated, and he was not living at the marital residence. Mr. Meyer denied receiving the summons and also disclaimed any knowledge of the appearances filed on behalf of him and his wife by Mr. Hollow and Mr. Bowling. He stated that he never appeared in court regarding this case until he filed the motion to set aside the judgment. Mr. Meyer also stated that the two addresses to which the notice of trial was mailed – 12128 Aspen Wood Drive and P.O. Box 22327 – have not been valid addresses for him since 1990 or 1991. Furthermore, Mr. Meyer stated that Mr. Holland, an attorney who represented Mr. Meyer in his divorce and to whom the judgment in this case was mailed, did not represent Mr. Meyer in the current lawsuit and did not forward a copy of the judgment to him. He also stated that the additional address which is listed for him on the certificate of service for the March 23, 1993, judgment was not a valid address for him at the time the judgment was entered.[9] Finally, Mr. Meyer asserted that

---

[8] Mr. Meyer did not specify which section of Rule 60.02 he was relying upon in his motion to vacate the judgment against him.

[9] Specifically, Mr. Meyer stated, "Also the Judgment purports to have served a copy on me at 7808 Hall Road, Knoxville, Tennessee 37920. I have never lived at this address. Sporadically, I did spend a few nights at a friend's residence who lived at this address. However, this ended prior to 1993."

he had a meritorious defense to the Meisenheimer's claims, stating as follows: "This action arose at my son's birthday party. While I was not in attendance, upon information and belief, the Plaintiff fell off of an all terrain [sic] vehicle and broke his arm. At the time the vehicle was stationary and its engine was not even running."

In his affidavit, Mr. Holland, whose office was listed as one of the addresses to which the trial court's judgment against Mr. Meyer was sent, stated that he had represented Mr. Meyer during his divorce from Mrs. Meyer. He said that the representation lasted from December 1991 or January 1992 until June 21, 1994, when the divorce was granted. Mr. Holland asserted that his role as Mr. Meyer's attorney was basically to "sign off on any agreement that [Mr. Meyer] and his wife made and allow the divorce to go through but that I would not provide on-going daily continuing representation for him in the divorce." He stated that he did not recall receiving any documents regarding the Meisenheimers' lawsuit against Mr. Meyer, including a judgment, and that he would not have accepted service of process for Mr. Meyer in any case unrelated to the divorce.

Mr. Bowling, the attorney who entered a limited appearance on behalf of Mr. and Mrs. Meyer to obtain a continuance, testified by affidavit that he did not recall who had contacted him initially about the case, but he believed that it was not Mr. Meyer. He further stated that "[d]uring this time, [Mr. Meyer] and [Mrs. Meyer] were moving out of our neighborhood, [Mr. Meyer]'s business was having financial difficulties, and [Mr. Meyer] was having emotional problems, to the extent that he had basically 'dropped out of sight.'" Mr. Bowling added that the reason he suggested that the plaintiffs' attorney write to Mr. Meyer at his post office box was because Mr. Bowling did not know where Mr. Meyer was living at the time. He also stated, "From September, 1989 until June, 1990, I cannot recall whether or not I ever actually talked with Gordon Meyers [sic], but my belief is that I did not."

After reviewing the record and hearing arguments of counsel, the trial court overruled Mr. Meyer's motion to vacate the judgment, stating as follows:

> Well, if Mr. Meyer has been done an injustice, I certainly want that injustice to be corrected, but it appears to me that based upon what – looking back at what meager records we have here that the Court was trying to take every precaution to protect him and get him in here to do something about this case. He had had one lawyer who made a general appearance for him. There is nothing before the Court today to indicate whether that lawyer talked to him about this case or not.
>
> It's – frankly I have great concern about whether this lawyer didn't talk to him. Without hearing some positive proof about that, I don't think I can reach that conclusion. But after that lawyer withdrew, I don't know what happened when that occurred because I wasn't here. Judge Haynes signed that withdrawal order, and then when I came aboard, I found this record as it is and tried to take every precaution

-6-

to get some kind of notice to, I think, Mr. Meyer.

There may be unsigned certificates of service in here, but be that as it may, he had a lawyer come in and represent to this Court that he represented this man and wanted some proceedings put off, and the Court put that off.

Now, it even appears that in Mr. Meyer's bankruptcy proceeding there was notice of this lawsuit given, and for Mr. Meyer to come in here now on affidavit and tell this Court he just didn't know anything about this sort of stretches credulity a bit.

There may be an appropriate way for him to attack this judgment, and if he's entitled to relief, certainly I want to see that he gets relief. But I am just constrained to conclude that at this point that which has been presented to me is not sufficient to satisfy me that the judgment should be set aside, so I most respectfully overrule the motion.

As the trial court correctly pointed out, Mr. Meyer bore the burden of proof regarding his Rule 60.02, and it was his responsibility to prove by a preponderance of the evidence that the trial court should set aside the judgment against him. After a careful review of the evidence, we find no abuse of discretion by the trial court in overruling Mr. Meyer's Rule 60.02 motion. Although Mr. Meyer denied ever knowing about the lawsuit and presented an affidavit from one of the attorneys who entered an appearance on his behalf, the lack of testimony from the attorney who filed an answer on behalf of Mr. Meyer and Mrs. Meyer seems to be a glaring omission. We agree with the trial court that, without some evidence from Mr. Hollow as to whether or not he communicated with Mr. Meyer regarding the lawsuit, Mr. Meyer falls short of meeting his burden of proof to set aside the judgment.

We recognize that the certificate of service on the order setting this case for trial was not signed.[10] However, the trial court made a finding before trial began that the notice had been mailed to two addresses, and one of them was not returned to the clerk's office. We must give a trial court's findings of fact great deference on appeal, and the trial court in this instance found that Mr. Meyer had received notice of the March 16, 1993, trial date. Therefore, we hold that the trial court did not err by overruling Mr. Meyer's motion to vacate the judgment.

### B. Rule 5.03

Mr. Meyer also argues that the trial on March 16, 1993, was conducted in violation of Rule 5.03 of the Tennessee Rules of Civil Procedure, and therefore, the "default" judgment against him

---

[10]See Tenn. R. Civ. P. 5.03 and the next section of this opinion for further discussion about the importance of a signed certificate of service as proof of service.

should be vacated. As an initial matter, we point out that Mr. Meyer incorrectly describes this as a default judgment. Despite his assertions to the contrary, Mr. Meyer's absence from the trial does not convert a judgment obtained following a trial on the merits into a judgment by default. In ***Kimery v. Unicoi County Ins. Agency***, No. E2002-00849-COA-R3-CV, 2003 WL 21297314 (Tenn. Ct. App. E.S., filed June 2, 2003), the trial court entered judgment for the plaintiffs after a trial at which the defendant arrived late and declined to present any evidence in his favor. *Id.* at *3. The defendant argued that the plaintiffs did not follow the correct procedure for obtaining a default judgment; we disagreed, finding that the trial court rendered its verdict after hearing proof of liability and damages, and thus, the ruling was not a default judgment. *Id.; see also **Barber & McMurry, Inc. v. Top-Flite Dev. Corp. Inc.***, 720 S.W.2d 469, 472 (Tenn. Ct. App. 1986) (holding that a judgment based on evidence presented at trial was not a default judgment).

Mr. Meyer claims the judgment against him was entered in violation of Rule 5.03 of the Tennessee Rules of Civil Procedure, which provides as follows regarding proof of service:

> Whenever any pleading or other paper is served under 5.01 and 5.02, proof of the time and manner of such service shall be filed before action is taken thereon by the court or the parties. Proof may be by certificate of a member of the Bar of the Court or by affidavit of the person who served the papers, or by any other proof satisfactory to the Court.

Tenn. R. Civ. P. 5.03. Mr. Meyer correctly points out that the certificate of service on the order setting the trial of this matter was not signed by the plaintiffs' attorney. However, a signed certificate of service is not the only means of proving that a pleading or other legal document was properly served. As Rule 5.03 indicates, "any other proof satisfactory to the Court" is sufficient to establish service. In this case, the trial court specifically found that the clerk's office had mailed postcard notices of the trial date to Mr. Meyer at two different addresses, one of which was returned and the other which was not. From this, the trial court concluded that Mr. Meyer had been served with notice of the trial date, despite the fact that opposing counsel had failed to sign the certificate of service on the order which scheduled the trial date. We have stated repeatedly that a trial court's findings of fact are entitled to great deference, and we may not set them aside unless the evidence preponderates against them. We see no reason to do so in this case, as there appears to be ample evidence from which the trial court could have found that Mr. Meyer received notice of the trial date. Therefore, we hold that the trial court did not conduct the trial in this matter in contravention of Rule 5.03, and Mr. Meyer is not entitled to relief on this issue.

### C. Due Process Rights

Lastly, Mr. Meyer asserts that the trial court violated his due process rights under the 14th Amendment to the United States Constitution by entering a judgment against him when he had not been notified of the trial date. Because we have already found that Mr. Meyer did receive notice of the trial of this matter, we find Mr. Meyer's due process argument to be without merit.

## IV. Conclusion

After careful review, we hold that the trial court did not abuse its discretion by denying Mr. Meyer's Rule 60.02 motion to vacate the judgment entered against him. Therefore, we affirm the decision of the trial court and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed against the Appellant, Gordon Meyer.

_____
SHARON G. LEE,  JUDGE