IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 22, 2012 Session

## COLE BRYAN HOWELL, III, ET AL. v. CHERYL RYERKERK, ET AL.

**Direct Appeal from the Circuit Court for Knox County**
**No. 1-619-07      Dale C. Workman, Judge**

---

**No. E2011-01498-COA-R3-CV-FILED-MARCH 9, 2012**

---

The issue appealed in this case is the failure of the trial court to grant a continuance requested by the Appellant. After two prior continuances were granted, the Appellant again moved for a continuance, supporting the request with documentation indicating that the Appellant was undergoing diagnostic testing the day before the scheduled trial date. The trial court denied the continuance. When the Appellant failed to proceed with the trial the following day, the trial court dismissed for failure to prosecute. We affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed.**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

W. Tyler Chastain, Margo J. Maxwell, and Hugh B. Ward, Jr., Knoxville, Tennessee, for the appellants, Cole Bryan Howell, III, individually and by derivative on behalf of Howell Nurseries, Inc.

John M. Norris, Strawberry Plains, Tennessee, for the appellee(s), Cheryl Ryerkerk, The Estate of Florence Howell Wallis, Carl Wallis, Margaret Ann Gehring, and Howell Nurseries.

## OPINION

### I. Background

This is the second appeal of this stockholder derivative action. Plaintiff/Appellant Cole Bryan Howell, III, filed this action on December 27, 2007 against Defendants/Appellees Cheryl Ryerkerk, the Estate of Florence Howell Wallis, Carl Wallis, Margaret Ann Gehring, and Howell Nurseries (collectively, "Appellees"), erroneously titling the complaint "Second

Amended Complaint." According to this Court in ***Howell v. Ryerkerk***, No. E2009-01536-COA-R3-CV, 2010 WL 1741374 (Tenn. Ct. App. April 30, 2010) [hereinafter ***Howell I***], the basis of the complaint was that:

> [Mr. Howell] is the son of Cole Bryan Howell, Jr. ("the Father"), who in turn is the son of Margaret Lyons Howell ("the Grandmother"). [Mr. Howell] inherited stock in Howell Nurseries, Inc. ("the Nursery") through the Grandmother's will, which left a block of stock to the Father for life and then to Father's children. After Father's death, [Mr. Howell] filed this stockholder's derivative action against all persons who acted as directors of the Nursery and the Nursery itself . . ., claiming, in essence, that the directors had sold away all of the corporate assets leaving him with a rather hollow inheritance.

***Id.*** at *1. We will not tax the length of this opinion with a review of the proceedings in this case prior to the first appeal, a thorough recitation of which can be found at ***Howell I***, 2010 WL 1741374. Suffice to say that a motion for summary judgment was granted in favor of the Appellees and later set aside, allowing the case to go forward. Once the case was reinstated, the Appellees filed a motion to dismiss, asserting that the complaint failed to state a derivative cause of action. The trial court granted the motion to dismiss on all claims regarding actions taken by the Appellees prior to the death of Mr. Howell's father, reasoning that Mr. Howell had no standing to challenge those actions. Accordingly, the only causes of actions remaining were "an accounting of the actions taken by the Board of Directors of the corporation in liquidating the corporate assets since [the Father's death] and all pled causes of actions relating to selling the corporate equipment and personal property [after the Father's death]." ***Howell I***, 2010 WL 1741374, at *3 (quoting the trial court). The Appellees filed the accounting on December 31, 2008, which was later approved by the trial court, and the case was dismissed.

Mr. Howell appealed. This Court vacated the dismissal and reversed the trial court's ruling that Mr. Howell had no standing to contest issues prior to his Father's death. ***Howell I***, 2010 WL 1741374, at *6. This Court also ruled that the trial court erred in approving the accounting, which was unsigned, unsworn, failed to identify the preparer or source of information, and failed to state that it reflected all income to the corporation. Accordingly, the case was remanded to the trial court on April 3, 2010.

After the remand to the trial court, the parties proceeded to discovery, designated their issues for trial and scheduled a trial date for February 28, 2011. On January 21, 2011, Mr. Howell moved for a continuance due to physical injuries resulting from a car accident. The motion was accompanied by a physician's note stating that Mr. Howell's recovery time

would be approximately three months. Mr. Howell requested a continuance until June 2011. By order of February 17, 2011, the trial court granted the motion for a continuance, and postponed the trial until April 12, 2011.[1]

On April 11, 2011, one day before the scheduled trial date, Mr. Howell again filed a motion requesting a continuance. According to the motion, Mr. Howell was experiencing chest pains, which necessitated heart surgery on April 8, 2011. According to the motion, Mr. Howell's physician recommended that he "avoid physical or emotional stress at least through April 22, 2011." The motion stated that the case could not proceed without Mr. Howell present at trial because his testimony was integral to the case. The motion was accompanied by a signed "Return to Activity" note from Mr. Howell's physician. By order of April 14, 2011, the trial court granted the continuance and set the trial for May 17, 2011.

On May 16, 2011, one day before the rescheduled trial date, Mr. Howell again filed a motion requesting a continuance. The motion recited the heart issues detailed in the previous motion and noted that Mr. Howell was currently undergoing diagnostic testing, for which he would not learn the results until "late on May 16, 2011 or later." According to the motion, due to this testing as well as Mr. Howell's ongoing health issues, Mr. Howell was unable to prepare for the trial and would be unable to attend trial on May 17, 2011; accordingly, the motion requested that the trial be continued. The motion did not specify when Mr. Howell would be able to appear at trial. Accompanying the motion was a note from the Heart Clinic at Fort Sanders Regional Medical Center, dated May 16, 2011, and stating, in its entirety:

TO WHOM IT MAY CONCERN:

[Mr. Howell] received diagnostic testing at Fort Sanders Regional Medical Center on the above date.

Any questions or confirmation should be addressed to [the Heart Clinic].

The note was signed by a certified physician's assistant.

A hearing was held on May 16, 2011, wherein the trial court orally denied the

---

[1] Due to Mr. Howell's failure to disclose any expert opinions or reports during discovery, the order also granted Appellees' motion *in limine* to exclude any previously undisclosed experts.

continuance and ordered that the trial would proceed on May 17, 2011.[2] An order was entered reflecting the oral ruling on May 19, 2011. While the order did not detail the trial court's reasons for denying the continuance, a later order dismissing the case stated the continuance had been denied because the trial court found that there were insufficient grounds for the granting of a continuance.

Mr. Howell did not appear at trial. Although Mr. Howell's counsel appeared, he was unable to proceed with the case due to Mr. Howell's absence. Mr. Howell filed a Motion to Reconsider[3] the denial of the continuance on May 27, 2011, attaching a note signed by Mr. Howell's physician, which stated that "Mr. Howell should avoid physical/emotional stress until June 6, 2011."

By order of June 13, 2011, the trial court dismissed the case for failure to prosecute. The court noted that two prior continuances were granted in the case, that Mr. Howell was physically able to give a deposition on January 25, 2011, and that Mr. Howell's failure to provide any expert reports or opinions during discovery had led to the exclusion of all Mr. Howell's experts. In ruling that the case was dismissed for failure to prosecute, the court stated:

> [Mr. Howell] has failed to take actions necessary to prepare his case for trial on any of the trial dates and shown [sic] no justification in not being prepared, or more importantly why he could not appear for trial on May 17, 2011. That as a result of [Mr. Howell's] fail[ure] to prepare his case for trial and upon [Mr. Howell's] failure to appear for trial without any medical cause sufficient for the Court to again continue this trial as scheduled on May 17, 2011, it is so ORDERED that the captioned case is dismissed for failure to prosecute . . . .

Mr. Howell appeals, raising a single issue for review, which is taken from his brief: "Whether the trial court erred and abused its discretion in failing to grant [Mr. Howell's] Motion to Continue the trial on May 17, 2011."

## II. Analysis

---

[2] No transcript of the motion hearing is included in the record.

[3] The Tennessee Rules of Civil Procedure do not recognize a Motion to Reconsider. Accordingly, a motion captioned as a Motion to Reconsider should be treated as a Motion to Alter or Amend under Rule 59.04 of the Tennessee Rules of Civil Procedure. *See* **Tennessee Farmers Mut. Ins. Co. v. Farmer**, 970 S.W.2d 453 (Tenn. 1998) (holding that a Motion to Reconsider is "in substance a Rule 59.04, Tenn. R. Civ. P., motion to alter or amend the judgment").

Tennessee Code Annotated Section 20-7-101 provides that "[c]ontinuances . . . may always be granted by the court, upon good cause shown, in any stage of the action." The decision whether to grant or deny a request for a continuance is, therefore, a matter within the sound discretion of the trial court. *Sanjines v. Ortwein & Assocs., Inc.*, 984 S.W.2d 907, 909 (Tenn. 1998) (citing *Blake v. Plus Mark*, Inc., 952 S.W.2d 413, 415 (Tenn. 1997)). An appellate court cannot interfere with the trial court's decision unless the court's decision constitutes an abuse of discretion and causes prejudice to the party seeking the continuance. *Sanjines*, 984 S.W.2d at 909. Our Supreme Court has stated that "under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). The abuse of discretion standard involves "a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citing *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009)). The standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives." *Lee Medical, Inc.*, 312 S.W.3d at 524 (citing *Overstreet v. Shoney's*, Inc., 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999)). Accordingly, this standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). Rather, an abuse of discretion occurs only when the trial court "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Eldridge*, 42 S.W.3d at 85 (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

Mr. Howell argues that the trial court erred in denying his request for a continuance, in light of the fact that Mr. Howell provided documentation that he was undergoing diagnostic testing on the day before the trial date. Mr. Howell's motion was argued without a court reporter present; consequently, no transcript of the motion hearing exists. Pursuant to Rule 24(b) of the Rules of Appellate Procedure, it is incumbent on the appellant to "have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Furthermore, no statement of the evidence was filed pursuant to Rule 24(c) of the Rules of Appellate Procedure. Consequently, the only basis we have for the trial court's decision is the statement in the order dismissing the case that the motion for a continuance was not supported by sufficient evidence.

We cannot conclude that the trial court abused its discretion in denying the continuance in this case. "Decisions regarding continuances are fact-specific" and "motions for a continuance should be viewed in the context of all the circumstances existing when the

motion is filed."[4] ***Nagarajan v. Terry***, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003). This Court has held that the party seeking a continuance carries the burden to prove the circumstances that justify the continuance. ***Osagie v. Peakload Temporary Services***, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002). In order to meet this burden, the moving party must supply some "strong excuse" for postponing the trial date. ***Barber & McMurry, Inc. v. Top-Flite Development Corp. Inc.***, 720 S.W.2d 469, 471 (Tenn. App. Ct. 1986) (citing ***Levitt & Co. v. Kriger***, 6 Tenn.App. 323 (Tenn. Ct. App. 1927)). Factors relevant to the trial court's decision include: "(1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted." ***Nagarajan***, 151 S.W.3d at 172.

In this case, the factors do not weigh in favor of a conclusion that the trial court abused its discretion. First, "the length of time the proceeding has been pending" indicates that Mr. Howell's inaction prolonged this case. ***Nagarajan***, 151 S.W.3d at 172. According to Mr. Howell, this case had been pending since the remand to the trial court on April 30, 2010. In addition, trial had been scheduled for February 28, 2011, which was postponed due to Mr. Howell's health, and April 12, 2011, again postponed due to Mr. Howell's health. Another trial date was set for May 17, 2011, even though Mr. Howell's physician only excused him from trial until April 22, 2011. Accordingly, at the time of the motion for a continuance, filed on May 16, 2011, the case had been postponed approximately two and a half months from the first trial date and nearly a month from when Mr. Howell's physician cleared him to participate.

Second, "the reason for the continuance" was insufficient. ***Nagarajan***, 151 S.W.3d at 172. While Mr. Howell points out that his motion for a continuance was accompanied by a medical excuse, it is well settled that a trial court is within its discretion to deny a request for a continuance even where a party's illness or injury is the reason for the request. *See, e.g.*, ***Smith v. Daniel***, 46 F.2d 740, 742 (6th Cir. 1931) (finding no abuse of discretion where court refused to grant continuance on ground of illness of counsel and physical inability of plaintiff to proceed with trial and instead ordered plaintiff from her sickbed to attend trial without the assistance of counsel); ***Mills v. Crane***, 1987 WL 9165, at *3 (Tenn. Ct. App. 1987) (finding

---

[4] At oral argument, the attorney representing Mr. Howell (who was not Mr. Howell's regular attorney) argued that this Court should find that the trial court abused its discretion because the Motion to Alter or Amend the Judgment was accompanied by a signed physician's note. However, as we noted at oral argument and emphasize now, the only issue raised by Mr. Howell's brief was the trial court's failure to grant the Motion to Continue, not the trial court's failure to grant the Motion to Alter or Amend. We will consider an issue waived when it is not designated as an issue on appeal. ***Childress v. Union Realty Co.***, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). Accordingly, the only issue properly raised in this case is whether the trial court erred in denying the Motion to Continue, which was supported by a physician's assistant's note.

no abuse of discretion where plaintiff became ill the day before trial and filed an affidavit with medical report stating that, due to his medical condition, he would be unable to sit for long periods of time or to undergo the stress of trial); *State v. Seals*, 735 S.W.2d 849, 852–53 (Tenn. Crim. App. 1987) (finding no abuse of discretion where defendant sustained injuries in automobile accident two days before the trial date); *State v. Robinson*, 622 S.W.2d 62, 74 (Tenn. Crim. App. 1980) (finding no abuse of discretion where defendant was recuperating from surgery performed a month earlier); *Hamilton v. State*, 555 S.W.2d 724, 727 (Tenn. Crim. App. 1977) (finding no abuse of discretion where defendant was partially paralyzed by a stroke hours before trial). While a party's illness or injury may be a factor for the trial court's consideration, such an illness or injury does not entitle a party to a continuance as a matter of right. *State v. Seals*, 735 S.W.2d at 853. A trial court is not required to grant a continuance "simply because it has before it a 'medical excuse.'" *Wilson v. Wilson*, 1984 Tenn.App. Lexis 2743, *7 (Tenn. Ct. App. 1984).

Even if we assume that a medical excuse can justify a continuance, the note relied on in this case is insufficient. First, the note is signed by a physician's assistant, rather than by Mr. Howell's treating physician. Second, while the note indicates that Mr. Howell was engaged in "diagnostic testing" the day before the scheduled trial, the note does not: 1) explain the type of testing Mr. Howell is undergoing or how invasive that testing is; 2) state that Mr. Howell is in any way unable to attend trial on the following day; 3) explain why the testing would prevent Mr. Howell's presence or participation at trial; 4) provide an estimate as to when Mr. Howell may be able to resume his participation in the litigation without suffering further harm.

Third, the events in the trial court indicate a lack of diligence on Mr. Howell's part in prosecuting this case. The record reflects that Mr. Howell failed to timely and adequately respond to discovery requests, resulting in the exclusion of any experts he may have had. Further, the timing of the continuance requests illustrate a lack of diligence and respect for the trial court's docket. Mr. Howell requested a continuance on May 16, 2011, one day prior to the scheduled trial date in this case, without any explanation as to why he waited until immediately prior to trial to make such a request. The May 16, 2011 motion was the second time that Mr. Howell requested a continuance immediately prior to trial and the third continuance request in this case, despite the fact that the trial court rescheduled the trial to May 17, 2011, nearly a month after Mr. Howell's physician stated he could return to activity.

Finally, this Court must consider "the prejudice to the requesting party if the continuance is not granted." *Nagarajan*, 151 S.W.3d at 172. We recognize that the denial of the continuance in this case was prejudicial to Mr. Howell's case. However, we cannot conclude that the trial court abused its discretion in failing to grant the continuance merely because Mr. Howell was unwilling to proceed with his case after the denial of his motion.

If this Court were to so hold, no court could deny a continuance to a plaintiff who indicates that he or she will refuse to participate in the case if the continuance is denied, regardless of whether the plaintiff has met his or her burden to show that the granting of the continuance is justified by the circumstances. Therefore, considering the entire record, we conclude that the trial court did not abuse its discretion in denying the continuance in this case.

### III. Conclusion

The judgment of the trial court is affirmed. Costs of this appeal are taxed to Appellant Cole Bryan Howell, III, and his surety.

_____
J. STEVEN STAFFORD, JUDGE