IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 3, 2023 Session

## CHRISTOPHER GRAY WALLACE v. JESSICA TOMLIN WALLACE

**Appeal from the Circuit Court for Montgomery County**
**No. 2021-CV-136    Adrienne Gilliam Fry, Judge**

———————————————————

**No. M2022-01279-COA-R3-CV**

———————————————————

Husband and Wife divorced; the trial court divided their property. Husband appeals, asserting five errors. Two of those purported errors are related to continuances, and three are related to the trial court's division of the couple's property. With regard the property division, one purported error relates to the trial court's division of certain vehicles and two purported errors relate to the trial court's division of two parcels of real property. We conclude that both of Husband's continuance arguments are waived. We also conclude that his property division argument as to the vehicles is waived. With regard to the real property division, we conclude the trial court made inadequate findings of fact and conclusions of law to explain its decision as to both parcels, and we vacate and remand for the trial court to render further findings of fact and conclusions of law.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Vacated in Part; Case Remanded**

JEFFREY USMAN, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

John T. Maher, Clarksville, Tennessee, for the appellant, Christopher Gray Wallace.

Tiffany D. Leffler and Jacob P. Mathis, Clarksville, Tennessee, for the appellee, Jessica Tomlin Wallace.

**OPINION**

**I.**

After approximately ten years of marriage, Christopher Wallace (Husband) and Jessica Tomlin Wallace (Wife) filed cross-complaints for divorce. The trial court awarded a divorce and distributed the property. Mr. Wallace appeals, asserting procedural and substantive errors. He contends that the trial court erred by failing on two separate occasions to grant a continuance and with regard to its property distribution, specifically in connection with multiple cars and two parcels of real property.

To understand the disputed ground in this appeal, it is necessary to consider a number of events that occurred before the parties' marriage. Husband started Affordable Lawn Care, a lawn care business, in 2001. Eight years later in 2009, Husband's parents gifted him an unimproved parcel of land located at 3189 Trough Springs Road in Clarksville, Tennessee, which had been valued by an appraiser five years earlier in 2004 at $37,500. Husband began improving the property. Husband testified that he sold his previous home and infused $120,000 that he earned from that sale into building a house on the property gifted by his parents. He also testified that he then spent $100,000 that he made by selling a vehicle to "put in a pool, pool house, fence, and concrete." Husband further claimed that he borrowed $249,000 from a bank and put that money "into the property as well." Husband contends that the house qualifies as separate property or, if classified as marital property, that he should be credited upwards of $500,000 for his contributions.

At some point while Husband was improving 3189 Trough Springs Road, Husband began dating Wife. Though the record does not reveal the exact year that they started seeing each other, Wife testified that she and Husband "were already in a committed relationship" during construction on the property and that they "made decisions" regarding the Trough Springs Road house "together." Husband and Wife lived in this home both before and after their marriage.

After the parties married in 2011, Wife worked in the lawn care business. She worked primarily in a bookkeeping and accounting role. Some of Affordable Lawn Care's most lucrative profits came during their marriage. Husband was regularly obtaining significant contracts from Fort Campbell. The record suggests that at its height Affordable Lawn Care generated considerable profits, making $20,000 to $26,000 per month.

By 2017, the decision was made to acquire a permanent business location for the lawn care business, which led to the acquisition of the 3275 Highway 41-A South property in Clarksville, Tennessee. Both parties agree that at least some of the funding for the purchase of this property came from Husband's father, but they disagree about the amount and the manner of his contribution. According to Husband, his father tendered him and

him alone a check for $80,000 which was solely intended to help fund the purchase of the business location property. He claims on appeal that this evidence was uncontroverted. Wife disputes this. She asserts that Husband's father gave a check to both Husband and Wife for $60,000 which was intended to generally assist the business. Despite Husband's father taking the stand, neither party asked him to clarify. Both parties agree that the remainder of the purchase price for the business property came from a Home Equity Line of Credit (HELOC) which Husband secured against the Trough Springs Road property.

Wife left Husband in May of 2020. She testified that "a big part of the reason" they separated was that Husband developed a serious substance abuse problem during the marriage. Husband filed for divorce on January 25, 2021, and Wife sought the same through a counter-complaint.

Husband's behavior caused significant challenges during the litigation process. The trial court observed of Husband that he acted "abhorrently" during this lawsuit. He ignored numerous "temporary orders, mediated orders or mediated agreements" even while represented by counsel. Husband failed to respond to Wife's production requests and interrogatories. He failed to honor a partial mediation of their divorce by refusing to pay his temporary support obligations. The trial court eventually granted motions to compel Husband's compliance, but he still did not comply.

Husband's attorney sought to withdraw in October of 2021 "[f]or cause" because there had been a "breakdown in communications between the client and attorney." The trial court granted Husband's counsel's motion, reset the deadlines on Husband's outstanding motion responses, and gave him thirty days to obtain new counsel. Alternatively, the trial court informed him that he could proceed *pro se*. Husband did not obtain new counsel within that time frame. The trial court set a final hearing date for the couple's competing requests for a divorce for April 4, 2022. Despite this looming trial date, for months Husband proceeded *pro se* and did not obtain new counsel. With less than a month until the final hearing, Husband obtained new trial counsel. Husband's new counsel entered a notice of appearance on March 8, 2022.

Just over a week later, Husband requested a continuance because his counsel needed "additional time . . . to familiarize herself with the case, and properly prepare for a final hearing." The record does not reflect that the motion was set on the trial court's docket to be heard on any particular date. Husband's counsel at oral argument before this court stated,

> It was set. It was set before the trial. . . . and the court denied it, and so then
> they tried it the next week. So it was set before. I don't have an explanation
> of the court's docket at that time and why after it was filed that was the date
> it was heard on, but it was heard before trial and it was denied. And I think
> it was denied mostly on the basis that the Appellant hadn't been compliant

with the court's rulings prior, and so [the trial judge] was not willing to grant any additional times.

The record on appeal does not contain an order granting or denying Husband's March 18, 2023 Motion to Continue though it is evident from the record that the motion was not granted. In addition to the absence of any order in the record, there is no transcript of a hearing on this motion nor a Tennessee Rule of Appellate Procedure Rule 24 statement of the evidence addressing the denial of this motion for continuance or any hearing thereupon. Husband's motion for new trial, which states, "The Motion to Continue the trial which was filed on March 18, 2022, was denied by the Court on April 1, 2022" is among very limited references to a ruling upon this motion in the record. Husband's counsel proceeded forward at the outset of the April 4, 2022 final hearing, for which there is a transcript, without mentioning the denial of the motion to continue and thereby failing to generate a record in this manner. Additionally, in Husband's post-trial *Amended Motion to Reconsider Findings of Fact and Conclusions of Law and for New Trial*, though he references the continuance request and the denial thereof as a ground for a new trial, Husband did not request any findings of fact or conclusions of law in connection with denial of a continuance.

Turning to the hearing itself, Husband took the stand first. Some portions of his testimony were routine. For example, he identified a series of vehicles that were the subject of much discussion and mentioned that he held title to each, but never suggested that he purchased them prior to the couple's marriage. As his testimony continued, counsel for each party as well as the trial court struggled to understand Husband. At some points, he mumbled. At other times, he doubled back on his statements or seemed somewhat incoherent. Eventually, Wife's counsel asked Husband if he was "under the influence of any medication or substance that might impair" his testimony. Husband said he was not. At the conclusion of his testimony, the trial court asked him the same question. He responded, "No ma'am. My blood pressure, I feel like it's – I feel – but I'm not. No ma'am, I'm not. I'm trying to remain calm."

The trial court then declared a fifteen-minute recess and ordered Husband to undergo a drug and alcohol test. During the recess, Husband tested positive for methamphetamine. After the recess, the trial court noted the test results for the record. Husband's counsel did not move for a continuance and expressly noted that her client wanted to proceed with the case. Additionally, she noted that this action was "against advice from counsel," but counsel did not raise any challenge as to the competency of her client to make this determination.

After Husband stepped down, the trial court heard from multiple other witnesses, including Husband's father and Wife. Husband's father testified that Husband's finances substantially worsened after Husband lost the aforementioned Fort Campbell contract. Wife submitted a Rule 1006 Summary of Assets to the trial court which described items

- 4 -

that the "parties own," including a series of thirteen vehicles[1] and two parcels of real property: the Trough Springs Road parcel and the Highway 41-A South parcel. Husband did not object to the entry of this summary as a trial exhibit and, although he questioned some of Wife's monetary valuations, did not suggest to the trial court that the vehicles she listed were purchased prior to the marriage. At oral argument before this court, Wife's counsel explained that he was ready to put on proof at the April 4, 2022 hearing that each vehicle had been used in such a manner that they transformed into marital property. However, he explained that doing so became unnecessary because Husband failed to dispute their marital nature.

The trial court issued its Order on April 25, 2022. Therein, it granted the couple's joint request for a divorce. While the trial court found Wife's 1006 Summary credible, the trial judge, alternatively, characterized Husband's testimony as "troublesome." The trial court noted "that despite testifying initially that he was not under the influence of any substance, Husband failed a drug screen during the morning recess, testing positive for methamphetamine."

The trial court also divided property via its Order. Directly relevant to the issues raised in this appeal, the trial court awarded the Husband multiple vehicles and trailers. The trial court determined the valuation of the vehicles to be $73,850 and awarded Wife one-half thereof or $36,925. With regard to the two real property parcels, the Trough Springs Road home and the Highway 41-A South business location, the trial court stated the following:

> The parties own real property located at 3189 Trough Springs Road, Clarksville, Tennessee. The land was gifted to the Husband by his parents at a value of $37,5000.00 in 2009. Thereinafter, Husband built a home using $120,000.00 of equity from another property he previously sold prior to the marriage. The Court finds that this property is to be sold. The Husband shall receive credit for the $37,50.00, the previous value of the land, plus $120,000.00 of premarital funds, he invested in the property. The remainder of sale price is to be divided as follows:
>
> > a. Payment of the mortgage, HELOC loan, existing Judgment to Wife for $7,100.00 plus $3,750.00 to Wife for February 2022 and March 2022 temporary support payments not made.
>
> > b. All of Wife's credit card debts totaling approximately

---

[1] Wife testified, consistent with her Rule 1006 Summary of Assets, that Husband sold several of these vehicles "during the pendency of th[e] divorce." According to the summary, Husband sold a 1991 Chevy CC7, a 1994 Jeep Wrangler, and a 2004 Ford F3D.

$30,000.00 and Wife's attorney fees, a judgment for which is included below.

c. All remaining proceeds are to be divided equally between the parties.

d. The court finds that the property located at 3275 Highway 41A South, Clarksville, Tennessee shall be sold, and any net proceeds shall be divided equally between the parties.

In response to the trial court's Order, the Husband filed a *Motion to Reconsider Findings of Fact and Conclusions of Law and for New Trial* and then an amended version of this motion. In seeking a new trial, the Husband argued that the trial court erred by failing to grant his pre-hearing motion to continue and that he was prejudiced because of that denial. With regard to continuances, he also argued that the court should have continued the proceedings in response to the Husband's failed drug test during the trial. The Husband also took issue with the substance of the trial court's Order, asserting three additional errors. The Husband argued that the vehicles of which the Wife had received half the value were separate, not marital, property. On this latter point, the Husband advanced evidence in support of his motion that he purchased each of these vehicles prior to the marriage. This evidence, he argued, made it clear that the trial court erred when it divided the vehicles' value between the spouses. Additionally, he requested reconsideration or alternatively additional findings of fact and conclusions of law including, notably, as to the division of both parcels of real property, the home and business properties. Among his objections, the Husband argued that the testimony was uncontroverted that a gift to Husband from his Father was used to purchase the business location property and that the property was titled solely in Husband's name. The Husband also asserted that the trial court had used the wrong valuation to determine the value of the home property and Husband's premarital interest therein. He also argued that the trial court had failed to make any findings indicating how the court arrived at the premarital valuation of the property. The Husband also asserted that the trial court had failed to make findings related to his premarital contributions to the home property, which he characterized as substantial, and as to the increase in value of the home property prior to the marriage.

The trial court heard arguments and proof related to Husband's motion on August 30, 2022. As to the vehicles, the trial court observed that Husband's proof appeared to take the form of an inappropriate second bite at the apple, noting that he failed to offer such proof or argument at trial, and declined to reconsider its ruling dividing the value of the vehicles. Additionally, the trial court declined to reconsider the valuation and division of the business or home properties or make any findings of fact or conclusions of law in connection with the objections raised by Husband.

The Husband appeals. He raises multiple arguments on appeal; each of the issues

closely track those raised in his *Amended Motion to Reconsider Findings of Fact and Conclusions of Law and for New Trial*. One, the Husband argues the trial court erred by failing to grant a continuance prior to trial to allow his new attorney to prepare. Two, he argues that the trial court erred in failing to continue the trial proceedings when he tested positive for methamphetamine. Three, the Husband asserts that the trial court erred by finding the vehicles to be marital rather than separate property and, thereby, awarding the Wife half the value thereof. Four, the Husband contends the trial court erred in its division of 3275 Highway 41A South business location property. He asserts this is separate property or alternatively that at a minimum that he should have received credit for an $80,000 gift used in acquiring the property. Five, with regard to the Trough Springs Road home property, the Husband argues that the trial court erred in its division thereof. The Husband argues that the trial court erred as to valuation of the home and in failing to credit his substantial contributions to increasing the value of the property prior to the marriage. He also contends that if the trial court classified the property as marital property[2] that it erred in doing so and in its handling of the appreciation of the value of the home after the marriage. Six, as he did in his motion before the trial court, in connection with the two parcels of real property, the Husband also raises concerns about the adequacy of the trial court's findings of fact and conclusions of law. In response, the Wife defends the trial court's decisions, arguing that the trial court did not err.

II.

For different reasons, both of Husband's continuance arguments and his contention that the trial court erred in awarding Wife half the value of the vehicles have been waived. We address the reasons each of these respective arguments have been waived below.

A.

Husband's first continuance argument arises from the trial court's denial of his pre-trial motion to continue the April 4, 2022 trial date so that his new counsel, who entered her notice of appearance approximately a month before trial, could prepare for the trial proceedings. He argues the trial court erred by denying his motion for continuance.

The question of whether to grant a motion for a continuance poses a highly fact-specific inquiry that is to be assessed within the context of the circumstances of the particular case. *Howell v. Ryerkerk*, 372 S.W.3d 576, 580 (Tenn. Ct. App. 2012) (quoting *Nagarajan v. Terry*, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003)). The party seeking the continuance bears the burden to demonstrate that the circumstances justify a continuance. *Zukowski ex rel. Zukowski v. Hamilton Cnty. Dep't of Educ.*, 640 S.W.3d 505, 519 (Tenn. Ct. App. 2021) (quoting *Howell*, 372 S.W.3d at 580). To satisfy "this burden, the moving

---

[2] Husband expresses uncertainty as to how the trial court classified the property in dispute in this case.

- 7 -

party must supply some 'strong excuse' for postponing the trial date." Lawrence A. Pivnick, 2 Tenn. Cir. Ct. Prac. § 24:3 (2022). In considering motions for a continuance, courts are engaged in a balancing of competing interests. *Bell v. Todd*, 206 S.W.3d 86, 93 (Tenn. Ct. App. 2005). "Among the factors that courts consider are: (1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted." *Nagarajan*, 151 S.W.3d at 172 (footnote omitted); *see also, e.g.*, *In re Rhyder C.*, No. E2021-01051-COA-R3-PT, 2022 WL 2837923, at *5 (Tenn. Ct. App. July 21, 2022). Courts, in determining whether to grant a motion to continue, have considered a wide variety of additional factors including, among others, prejudice to the other party stemming from a continuance. Thomas Muskus, 17 C.J.S. Continuances § 6 (2023); *see also State v. Bailey*, No. M2022-01386-COA-R3-CV, 2023 WL 4789083, at *8 (Tenn. Ct. App. July 27, 2023).

Tennessee appellate courts review a trial court's decision to deny a motion for a continuance under an abuse of discretion standard. *In re A'Mari B.*, 358 S.W.3d 204, 213 (Tenn. Ct. App. 2011). Appellate courts will set aside a discretionary decision by a trial court "only when the court that made the decision applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).

As noted above, the record in this case does not contain an order from the trial court denying Husband's motion for a continuance. While it is apparent from the record that Husband's motion was denied, it is not clear from the record whether any written order was entered. Nor is there any transcript or statement of the evidence related to any hearing upon or disposition of Husband's motion for a continuance. There is a transcript of the trial proceeding, but nowhere in this transcript is any reference made to the denial of Husband's motion for continuance. In other words, Husband did not avail or seek to avail himself of that the potential opportunity to generate a record as to the denial of his motion for continuance. Additionally, in his post-trial *Amended Motion to Reconsider Findings of Fact and Conclusions of Law and for New Trial*, while seeking additional findings of fact and conclusions of law as to the two parcels of property, Husband did not seek further findings or conclusions as to the denial of his pre-trial motion for a continuance.[3] From

---

[3] The trial court's ruling on a motion for a continuance is not subject to the findings of fact and conclusions of law requirement of Tennessee Rule of Civil Procedure 52.01. Rule 52.01 of the Tennessee Rules of Civil Procedure expressly provides that "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rules 41.02 and 65.04 (6)." While not required under Rule 52.01, we note that Husband did not make a request of the trial court to help facilitate his appeal on this matter.

the record before us we know neither the basis of the trial court's decision[4] nor do we have a full grasp on what information and arguments were presented by parties to the trial court in connection with Husband's motion for a continuance.

Nevertheless, Husband is asserting on appeal that the trial court erred, abusing its discretion, in its resolution of a fact-dependent, circumstance-specific question as to which he has failed to provide this court with an adequate record to be able to assess whether the trial court erred. This court cannot review matters as to which the parties have failed to preserve and provide this court with an adequate record. *Reid v. Reid*, 388 S.W.3d 292, 294-95 (Tenn. Ct. App. 2012). In challenging a decision of a trial court, the primary responsibility for ensuring the adequacy of the record on appeal in order to allow for meaningful review falls upon the appellant. *See*, e.g., *Duke v. Duke*, 563 S.W.3d 885, 906 (Tenn. Ct. App. 2018); *Harley v. Falk*, No. M2007-01095-COA-R3-CV, 2008 WL 2229520, at *1 (Tenn. Ct. App. May 29, 2008); *Dotson v. Dotson*, No. M2004-01141-COA-R3CV, 2006 WL 407791, at *2 (Tenn. Ct. App. Feb. 21, 2006). The record before this court is inadequate to allow consideration of whether the trial court erred in denying Husband's motion for a continuance; accordingly, we conclude that he has waived consideration of this issue.

B.

Husband's second continuance argument relates to the failure of the trial court to continue the trial after he tested positive for methamphetamine during a brief recess in the proceedings. In response to a question from Wife's counsel and the trial court judge, Husband denied being under the influence of any medication or substance that might impair his testimony. Counsel for Husband did not seek a continuance in response to the evident difficulties her client was experiencing in testifying. Nor did Husband's counsel seek a continuance after her client tested positive for methamphetamines during the trial. To the contrary, Husband's counsel expressly informed the trial court that her client did not want a continuance but instead wished to proceed. While noting this was against the advice of counsel, Husband's counsel did not raise any contention that her client lacked capacity to make this decision. While Husband asserts that the trial court erred in failing to continue the proceedings, he fails to develop any argument or provide any authority that the trial court had an obligation to *sua sponte* cease the civil divorce proceedings in opposition to the evident wishes of Husband and without any request from his counsel. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument . . . or merely constructs a

---

[4] During oral argument before this court, addressing the denial of the motion for a continuance, Husband's appellate counsel stated, "I think it was denied mostly on the basis that the Appellant hadn't been compliant with the court's rulings prior, and so [the trial judge] was not willing to grant any additional times." This statement is not a replacement for the record nor does this assertion suggest error by the trial court given that such a consideration would not be misplaced in considering whether to grant a motion for a continuance.

skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010). Accordingly, we deem Husband's second continuance argument to have been waived.

C.

Husband also contends that the trial court erred by awarding half of the valuation of certain vehicles to Wife. He argues that evidence, notably the date of the acquisition of these vehicles, establishes that these vehicles are his separate property rather than marital property; accordingly, he contends that the value of the vehicles is not subject to division by the trial court. Wife notes that this evidence was not presented during the trial and that Husband has, therefore, waived this contention.

Turning to the evidence presented to the trial court on this matter, Wife represented to the trial court that the certain vehicles were marital property, and Husband did not contest this. Only after the trial court entered its Order treating the vehicles as marital property and awarding half the value thereof to Wife did Husband object. In doing so, he endeavored to present evidence in a hearing upon his motion for reconsideration to suggest that the vehicles are actually separate property. The trial court noted his failure to raise this matter or present evidence thereupon during the trial and declined to allow him to relitigate in connection with the award of half the value of the vehicles.

From the record and arguments before us, it appears that Husband failed to contest or present any evidence at trial countering Wife's assertion that the vehicles were marital property. A trial is not a test run of a party's case. Husband does not contend that the evidence was newly discovered or newly available. He offers no explanation or justification for his failure to present this evidence during the trial. Husband instead argues that the trial court's conclusion that the vehicles were marital property was errant and that the trial court could have considered this evidence to avoid a clear injustice. On appeal before this court, Husband fails, however, to present a developed argument and cite appropriate authority articulating why it was error for the trial court to decline to consider evidence that he failed to present at trial. He offers no explanation of how under Tennessee law this would qualify as a clear injustice. Additionally, Husband fails to address the appropriate standard for determining whether such evidence should be considered and how his case fits within this standard.[5] Husband's argument on this matter is skeletal; accordingly, we conclude that this issue is waived. *Sneed*, 301 S.W.3d at 615.

III.

---

[5] *See generally Simpson v. Simpson*, No. E2018-01686-COA-R3-CV, 2019 WL 2157937, at *9-12 (Tenn. Ct. App. May 17, 2019) (exploring standards of analysis in connection with evidence not previously presented being brought before the trial court after a bench trial in connection with a Rule 59 motion).

- 10 -

As noted above, Husband argues the trial court erred as to its division of the Highway 41A South business location property and valuation and division of the Trough Springs Road home property. With regard to the Highway 41A South business location property, he asserts this is separate property or alternatively that at a minimum he should have received credit for an $80,000 gift used in acquiring the property. With regard to the Trough Springs Road home property, the Husband argues that the trial court erred as to valuation of the home and in failing to credit his substantial contributions to increasing the value of the property prior to the marriage. He also contends that if the trial court classified the property as marital property that it erred in doing so and in its handling of the appreciation of the value of the home after the marriage. In addition to these purported substantive errors as to these two parcels of real property, he also contends that the trial court failed to make adequate findings of fact and conclusions of law when explaining its decisions as to these two properties. On this latter point, in response to the trial court's Order, Husband expressly sought in a post-trial motion as an alternative to reconsideration that the trial court make additional findings in connection with the valuation and division of these two properties. Responding to this motion, the trial court did not render additional responsive findings of fact or conclusions of law related to valuation and division concerns raised by Husband.

Under Tennessee Rule of Civil Procedure 52.01, "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." In rendering its findings of fact and conclusions of law, the trial court "has a duty to ensure that its rulings are adequately explained," *Vaughn v. DMC-Memphis, LLC*, No. W2019-00886-COA-R3-CV, 2021 WL 274761, at *11 (Tenn. Ct. App. Jan. 27, 2021), so as to avoid creating a circumstance in which an appellate court is "left to guess as to why the trial court reached its conclusion," *Calzada v. State Volunteer Mut. Ins. Co.*, No. M2020-01697-COA-R3-CV, 2021 WL 5368020, at *8 (Tenn. Ct. App. Nov. 18, 2021); *see also Etheredge v. Est. of Etheredge*, No. M2022-00451-COA-R3-CV, 2023 WL 5367681, at *6 (Tenn. Ct. App. Aug. 22, 2023).

The trial court's Order which divides interest in these two properties fails to articulate how the trial court arrived at its conclusions, creating too much uncertainty in endeavoring to understand the trial court's decision in relation to the parties' arguments on appeal before this court. Accordingly, remand is warranted for further findings of fact and conclusions of law in relation to the valuation and division of the Highway 41A South business location property and the Trough Springs Road home property.

IV.

In considering the arguments advanced on appeal and for the reasons discussed above, we affirm the judgment of the Circuit Court for Montgomery County awarding

Wife $36,925 based upon the valuation of the vehicles, and the denial and failure to grant a continuance.  As to the Highway 41A South business location property and the Trough Springs Road home property, we vacate the judgment of the trial court as to valuation and division of these properties and remand for the trial court to render additional related findings of fact and conclusions of law.   Costs of the appeal are taxed equally to the appellant, Christopher Gray Wallace, and the appellee, Jessica Wallace, for which execution may issue if necessary.  The case is remanded for further proceedings consistent with this opinion.


_____
JEFFREY USMAN, JUDGE