IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 28, 2026

## MARY GERMAINE WILSON ET AL. v. DR. ALICIA JAMELLE MICKLES

**Appeal from the Circuit Court for Washington County**
**No. 37437     James E. Lauderback, Judge**

_____

**No. E2025-00349-COA-R3-CV**

_____

The plaintiffs in a health care liability action moved to continue the trial date due to health issues from which one of the plaintiffs was purportedly suffering. The trial court denied the motion to continue, and the plaintiffs' counsel informed the trial court that the plaintiffs would not be attending the trial, despite the denial of their motion for continuance. The defendant filed a motion to dismiss the case due to the plaintiffs' failure to prosecute the case and the plaintiffs' noncompliance with a pretrial order. The trial court dismissed the case with prejudice. The plaintiffs unsuccessfully moved to alter or amend the dismissal order and ultimately appealed to this Court. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, J., and D. KELLY THOMAS, SP.J., joined.

Jeffrey A. Cobble, Greeneville, Tennessee, for the appellants, Mary Germaine Wilson and Dennis Wilson.

Russell W. Adkins, Kingsport, Tennessee, for the appellee, Alicia Jamelle Mickles.

### OPINION

#### BACKGROUND

On February 7, 2018, Mary Germaine Wilson and Dennis Wilson (together, the "Plaintiffs") filed a health care liability action against multiple defendants alleging that Ms. Wilson was injured during a dental procedure performed by Alicia Jamelle Mickles, DDS

(the "Defendant"). By the time this case was scheduled for trial, Plaintiffs had voluntarily dismissed with prejudice all the defendants except for Dr. Mickles.

This matter was first set for a three-day jury trial to commence on November 28, 2023. This trial date was continued numerous times by agreement of the parties. Ultimately, on July 30, 2024, an agreed order was entered resetting the matter for a three-day jury trial to commence on December 9, 2024. The order also stated: "However, because the case is a fifth place setting on December 9 and 10 and a sixth place setting on December 11, back up trial dates for a first place setting is also scheduled for April 22 thru 24, 2025 beginning at 9:00 a.m. each day." On October 25, 2024, a trial order was entered requiring the parties to provide certain pre-trial information to the trial court by November 12, 2024.

On November 11, 2024, Plaintiffs filed a motion for continuance. Plaintiffs noted that they had been informed that the matter was now a first-place setting for the December 2024 trial dates and requested that the matter instead be tried on the April 2025 backup dates. In support thereof, Plaintiffs averred that Ms. Wilson "was having significant health problem[s] which resulted in her hospitalization" and had been diagnosed with Guillain-Barré syndrome, which caused her to be "very weak[,]" requiring "significant periods of rest[,]" and caused her to be "unable to dedicate any significant time to the preparation of her case for trial." Plaintiffs also averred that Ms. Wilson was "presently unable to drive." However, Plaintiffs noted that Ms. Wilson was receiving a treatment that she believed was improving her health, "such that she is hopeful to be able to focus on this case (as opposed to her health) so that [the parties could] keep the April [] 2025 trial dates." Finally, Plaintiffs averred that the parties were "engaged in renewed settlement negotiations, as [Ms.] Wilson's health permit[ted], and it is likely that additional time for negotiation will result in a settlement of all matters." Plaintiffs noted that Defendant would not agree to the continuance but argued that Defendant would not be prejudiced by the continuance "since the case was never guaranteed that the upcoming December [] trial dates would work[.]" Defendant responded in opposition to Plaintiffs' motion and noted that Plaintiffs had requested a continuance in July 2024, "because of the same health issues[.]" The trial court heard Plaintiffs' motion for continuance on November 14, 2024, and entered an order denying the motion on November 21, 2024. The order stated, in relevant part: "The court notes that this case has been pending for over six and one-half years, and has been continued multiple times. The Court has no reason to expect Plaintiff[s'] ability to participate in a trial will improve by the next term of court."

On November 25, 2024, Plaintiffs filed a renewed motion for continuance. The renewed motion repeated the grounds set forth in the initial motion and additionally stated that despite repeated attempts, Plaintiffs' counsel had been unable to contact Ms. Wilson "to explain the effect of the denial of continuance and the impending court date." As a result, counsel concluded that Ms. Wilson was "physically and/or mentally incapacitated, and as a result, is not capable of providing testimony either before or during the scheduled

December [] jury trial." In the event the renewed motion for continuance was denied, Plaintiffs alternatively requested that they be granted leave "to pursue an interlocutory appeal on the reasonableness of the denial of the motion for continuance." Additionally, Plaintiffs' counsel alternatively requested that he be granted leave to withdraw as counsel of record "on the basis that he has lost the ability to communicate with his client and is thus unable to adequately prepare for trial."

On November 27, 2024, Defendant filed a motion to dismiss for failure to prosecute. In support thereof, Defendant argued that Plaintiffs had "over eight years to bring this case to a conclusion, but [Ms. Wilson] has failed to do so and remains unwilling to do so." Defendant posited that "[t]he record does not establish that [Ms. Wilson] is unable to present her case. Rather, the record suggests that [Ms. Wilson] is uncooperative and/or unwilling to prosecute her case or to comply with this Court's Orders." Defendant also noted that Plaintiffs failed to comply with the trial order entered October 25, 2024. On December 2, 2024, the trial court entered an order denying Plaintiffs' renewed motion for continuance and dismissing the matter with prejudice. In relevant part, the trial court found:

> The Court does not find that any of the "new assertions" made by the plaintiffs' counsel merit reconsideration of the Court's earlier ruling denying a continuance. Likewise, plaintiffs' "Motion for Interlocutory Appeal" and plaintiffs' counsel's "Motion to Withdraw" are DENIED. Plaintiffs' counsel has advised the Court that, in any event, this case will not be tried on December 9, 2024.
>
> . . . The Court notes that the plaintiff failed to comply with this Court's October 25, 2024, Trial Order, which states: "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OF THIS CASE..."

On December 31, 2024, Plaintiffs filed a Rule 59 motion to alter or amend "due to the fact that [Ms. Wilson's] medical condition had deteriorated to the extent that Plaintiff[s'] counsel had lost communication with Plaintiffs during the time that settlement offers, pre-trial motions, and trial preparation were being addressed." Plaintiffs argued that the trial court's denial of their motions for continuance "resulted in manifest injustice to Plaintiffs due to matters beyond their control." The motion further stated that:

> Plaintiff has communicated with counsel twice since the Order of Dismissal, but Plaintiff's medical and mental condition has prevented counsel from having any intelligent, meaningful discussion of the case both prior to dismissal and since dismissal, other than having Plaintiff Mary Wilson's primary care physician to provide Exhibit 1, which Plaintiffs procured during a medical evaluation at or about the time that the Order of Dismissal was being entered.

The physician letter attached to the Rule 59 motion stated: "Mrs. Wilson has chronic ototoxicity necessitating diazepam for her vertigo. As of late, she has suffered from depression causing pseudo[de]mentia which triggers anxiety. Appearing on the stand can worsen her anxiety." Plaintiffs requested that the trial court set aside the dismissal order and allow them to proceed to trial or, alternatively, amend the dismissal order to be without prejudice so they could re-file the case. On February 6, 2025, the trial court entered an order denying the motion to alter or amend and finding in relevant part: "Plaintiffs' motion and supporting medical opinion letter fail to establish grounds for altering or amending the Order dismissing this action with prejudice. The medical opinion letter does not opine that [Ms.] Wilson's condition is likely to improve in the near future, and this case needs finality."

Plaintiffs timely appealed.

## ISSUES

Plaintiffs raise three issues on appeal, which we restate slightly:

1.      Whether the trial court erred in denying Plaintiffs' motions for continuance and dismissing the case with prejudice in light of Ms. Wilson's health issues.

2.      Whether the trial court erred "in failing to give credence to" the letter from Ms. Wilson's physician.

3.      Whether the trial court erred in dismissing the case with prejudice, instead of without.

## DISCUSSION

### a.

Whether to grant or deny a motion for continuance is within the discretion of the trial court and is, thus, reviewed for an abuse of discretion. *Howell v. Ryerkerk*, 372 S.W.3d 576, 579 (Tenn. Ct. App. 2012) (citing *Sanjines v. Ortwein & Assocs., P.C.*, 984 S.W.2d 907, 909 (Tenn. 1998)). This standard of review "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives." *Harmon v. Hickman Cmty. Healthcare Servs., Inc.*, 594 S.W.3d 297, 305 (Tenn. 2020) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). Accordingly, "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). "Indeed, when reviewing a discretionary decision by the trial court, the 'appellate courts should begin with the presumption that the

decision is correct and should review the evidence in the light most favorable to the decision.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (quoting *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)). This presumption notwithstanding, "[a] trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case 'on a clearly erroneous assessment of the evidence.'" *Id.* (quoting *Lee Med.*, 312 S.W.3d at 524).

Plaintiffs argue that the trial court incorrectly applied the factors set forth in *Nagarajan v. Terry*, 151 S.W.3d 166 (Tenn. Ct. App. 2003), when considering Plaintiffs' motion to continue and that the trial court's decision to deny the motion was illogical and unreasonable. In *Nagarajan*, this Court explained that

> [d]ecisions regarding continuances are fact-specific. Accordingly, motions for a continuance should be viewed in the context of all the circumstances existing when the motion is filed. Among the factors that courts consider are: (1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted.

*Id.* at 172 (footnotes omitted). Plaintiffs argue that factor two weighs in their favor because their request was based upon Ms. Wilson's health issues beyond her control, factor three weighs in their favor because their legal counsel acted quickly upon learning that the case had been moved to a first-place setting, and factor four weighs in their favor because after the continuance was denied, their case was ultimately dismissed with prejudice. Conversely, Defendant notes that this case was pending for more than six years by the time it was dismissed, Ms. Wilson did not produce any medical evidence that she was unable to appear for trial, Ms. Wilson could have submitted her deposition testimony to the jury, and Ms. Wilson did not produce any medical evidence that her ongoing medical issue was likely to resolve by the April 2025 back-up trial date. Moreover, Plaintiffs offer no explanation for why Mr. Wilson could not proceed to trial in December 2024 to prosecute his claim.

"Under the abuse of discretion standard of review, we have affirmed trial courts' decisions denying motions to continue 'even where a party's illness or injury is the reason for the request.'" *Durham v. Tenn. Dep't of Lab. & Workforce Dev.*, No. M2014-00428-COA-R3-CV, 2015 WL 899024, at *9 n.11 (Tenn. Ct. App. Feb. 27, 2015) (collecting cases); *see Naantaanbuu v. Naantaanbuu*, No. W2010-01417-COA-R3-CV, 2011 WL 496605, at *4 (Tenn. Ct. App. Feb. 14, 2011) (collecting cases). "While a party's illness or injury may be a factor for the trial court's consideration, such an illness or injury does not entitle a party to a continuance as a matter of right." *Durham*, 2015 WL 899024, at *9 n.11 (citing *Howell*, 372 S.W.3d at 581). For instance, in *Naantaanbuu*, this Court affirmed the trial court's refusal to continue a divorce trial despite the defendant filing an

affidavit from her physician stating that she "is in no condition to participate in any contested litigation in court and she may have permanent damage involving nerves to her left upper extremity unless cervical spine surgery can be performed on her."  2011 WL 496605, at *1.  In affirming the denial, this Court noted that the affidavit did not state when the physician had last seen the defendant, did not indicate why this condition would prevent her presence at or participation for trial, and did not provide an estimate as to when she may be able to resume her participation in the contested litigation without suffering further harm.  *Id.* at *3.  Similarly, in *Howell*, this Court affirmed the trial court's refusal to continue a trial when the plaintiff's motion for continuance stated that the plaintiff was experiencing heart issues and undergoing diagnostic testing on the day before the scheduled trial.  372 S.W.3d at 578.  In that case the plaintiff filed a letter from a physician's assistant in support of his motion to continue, and this Court again noted that the letter did not explain the type of testing the plaintiff was undergoing or how invasive that testing was, did not state that the plaintiff was in any way unable to attend trial or explain why the testing would prevent the plaintiff's presence or participation at trial, and did not provide an estimate as to when the plaintiff may be able to resume his participation in the litigation without suffering further harm.  *Id*. at 581.

In this case, neither Plaintiffs' motion for continuance nor their renewed motion for continuance were supported by medical evidence.  Instead, these motions merely stated that Ms. Wilson had been experiencing ongoing health issues, was receiving treatment that she believed was improving her health, and she *hoped* that she would be able to focus on her case in time to be able to proceed to trial in April 2025.  Moreover, even the letter from Ms. Wilson's physician that was attached to Plaintiffs' subsequent Rule 59 motion does not persuade us that Plaintiffs had a valid basis for their motions for continuance.  The physician's letter stated that Ms. Wilson was suffering from conditions different than those set forth in Plaintiffs' motions, did not state when the physician had last seen Ms. Wilson, and did not provide an estimate as to when Ms. Wilson may be able to continue prosecuting her claims.  Instead, the letter simply stated that Ms. Wilson was suffering from anxiety and that "[a]ppearing on the stand can worsen her anxiety."  This is not unique to Ms. Wilson.  This Court recognizes that litigation is often anxiety-producing for litigants and witnesses; however, a party's anxiety alone is not a compelling reason to continue a trial date.  This is particularly true when a case has been pending for six years and when a plaintiff can offer no medical evidence indicating when she may be able to resume prosecuting her claim.

Plaintiffs argue that they were prejudiced by the denials because their claims were ultimately dismissed; however, the dismissal was not a result of the denial of Plaintiffs' motions but was instead a result of Plaintiffs' refusal to participate in the trial that was scheduled to commence on December 9, 2024 and failure to comply with the pretrial order.  A plaintiff's unwillingness to continue participating in a case if a continuance is denied, regardless of whether the plaintiff has met his or her burden to show that the granting of

the continuance is justified by the circumstances, is not itself a basis for this Court to find that the trial court abused its discretion.  *Howell*, 372 S.W.3d at 582.

Considering all the circumstances that existed when Plaintiffs filed their motions for continuance, *Nagarajan*, 151 S.W.3d at 172, we cannot conclude that the trial court abused its discretion in denying those motions.  Therefore, we affirm the trial court's denial of Plaintiffs' motions for continuance.

*b.*

Plaintiffs next argue that the trial court erred in granting Defendant's motion to dismiss and in doing so with prejudice.  Specifically, Plaintiffs argue that there was no equitable reason to dismiss the action, that there was no requirement that the action be dismissed with prejudice, and that the trial court came to an unreasonable and illogical decision by dismissing the action with prejudice.  It is well-settled that

> [t]rial courts possess inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to comply with the Tennessee Rules of Civil Procedure or the orders of the court. Tenn. R. Civ. P. 37.02(C); Tenn. R. Civ. P. 41.02(1); *Kotil v. Hydra-Sports, Inc.*, No. 01A01-9305-CV-00200, 1994 WL 535542, at *3 (Tenn. Ct. App. Oct. 5, 1994) (No Tenn. R. App. P. 11 application filed). Because decisions to dismiss for failure to prosecute are discretionary, *White v. College Motors*, 212 Tenn. 384, 386, 370 S.W.2d 476, 477 (1963), reviewing courts will second-guess a trial court only when it has acted unreasonably, arbitrarily, or unconscionably. *Friedman v. Belisomo*, No. 02A01-9304-CH-00094, 1993 WL 498504, at *3 (Tenn. Ct. App. Dec. 1, 1993) (No Tenn. R. App. 11 application filed).

*Hodges v. Att'y Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000).  Again, this means that we "should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision."  *Henderson*, 318 S.W.3d at 335 (quoting *Overstreet*, 4 S.W.3d at 709).

Tennessee Rule of Civil Procedure 41.02(1) provides for an involuntary dismissal of a plaintiff's claims "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court[.]"  Moreover, Rule 41.02(3) provides that a dismissal pursuant to Rule 41.02(1) "operates as an adjudication upon the merits" unless the trial court specifies otherwise in the dismissal order.  The trial court dismissed this case after Plaintiffs' counsel informed the court that Plaintiffs would not be attending the trial that was set to commence on December 9, 2024.  In the dismissal order, the trial court also notes that Plaintiffs failed to comply with the trial court's October 25, 2024 trial order, which required the parties to

provide certain pre-trial information to the trial court by November 12, 2024. Accordingly, the trial court dismissed Plaintiffs' claims with prejudice. *See* Tenn. R. Civ. P. 41.02(3). Given the plain language of Rule 41.02 and reviewing the procedural history of this case in the light most favorable to the trial court's dismissal, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably in dismissing the case. Accordingly, we affirm the trial court's dismissal of Plaintiffs' claims with prejudice.

*c.*

Finally, we construe Plaintiffs' argument that the trial court "abused its discretion in not giving proper weight and credibility to [Ms. Wilson's] doctor's opinion" to be an argument that the trial court erred in denying Plaintiffs' Rule 59 motion to alter or amend the dismissal order. A Rule 59 motion "should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice." *Burris v. Burris*, 512 S.W.3d 239, 245 (Tenn. Ct. App. 2016) (quoting *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005)). However, "[i]t is well-settled that a trial court's ruling on a motion to alter or amend may be reversed only for an abuse of discretion." *Harmon*, 594 S.W.3d at 305 (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012)).

In their Rule 59 motion, Plaintiffs requested that the trial court either set aside the dismissal or amend the dismissal to be without prejudice. In support of their motion, Plaintiffs argued that Ms. Wilson's "medical condition had deteriorated to the extent that Plaintiff[s'] counsel had lost communication with Plaintiffs during the time that settlement offers, pre-trial motions, and trial preparation were being addressed" and that "Plaintiff [sic] has communicated with counsel twice since the Order of Dismissal, but Plaintiff's [sic] medical and mental condition has prevented counsel from having any intelligent, meaningful discussion of the case both prior to dismissal and since dismissal, other than having Plaintiff Mary Wilson's primary care physician" provide the letter attached thereto. Notably, Plaintiffs conflate Ms. Wilson and Mr. Wilson throughout this motion and fail to explain why Mr. Wilson was unable to communicate with counsel during this time. Plaintiffs' motion also does not explain why Plaintiffs failed to offer any medical evidence in support of their motions to continue or in opposition to Defendant's motion to dismiss. Moreover, as discussed above, and as the trial court found in its order denying Plaintiffs' Rule 59 motion, the letter from Ms. Wilson's physician "does not opine that [Ms.] Wilson's condition is likely to improve in the near future[.]"

"The judgment of a court should not 'be lightly changed, altered, amended or set aside, but only done upon very clear, convincing, cogent evidence that a true injustice has been done to the complaining party and that the complaining party is in no wise responsible, or termed in another way, negligent in protecting that party's interest.'" *Polster v. Polster*, No. M2020-01150-COA-R3-CV, 2021 WL 4167927, at *7 (Tenn. Ct. App. Sept. 14, 2021) (quoting *Myers v. Myers*, 891 S.W.2d 216, 220 (Tenn. Ct. App. 1994)). As we concluded

above, the trial court did not abuse its discretion in denying Plaintiffs' motions for continuance or in dismissing Plaintiffs' claims with prejudice. Furthermore, any injustice the Plaintiffs suffered was caused by their own negligence in protecting their interests, moving their case along in a timely manner, and complying with the trial court's pretrial order. Accordingly, we conclude that the trial court did not abuse its discretion in denying Plaintiffs' Rule 59 motion to alter or amend, and we affirm the trial court's decision.

## CONCLUSION

The judgment of the Circuit Court for Washington County is affirmed, and this case is remanded for proceedings consistent with this opinion. Costs on appeal are assessed jointly and severally to the appellants, Mary Germaine Wilson and Dennis Wilson, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE